Heather Patrice HOGROBROOKS
*v.* Steve ROUTON, Forrest City Municipal Judge

95-879                                    906 S.W.2d 687

Supreme Court of Arkansas
Opinion delivered October 2, 1995

*Appellant*, pro se.

*Winston Bryant*, Att'y Gen., by: *Clint Miller*, Deputy Att'y Gen., for appellee.

PER CURIAM. Attorney Heather Patrice Hogrobrooks was held in contempt by Judge Steve Routon of the St. Francis County Municipal Court. A fine was assessed against her. Thereafter, Judge Routon refused to allow Ms. Hogrobrooks to represent clients before the Municipal Court on the ground that the fine remained unpaid.

On October 19, 1994, Ms. Hogrobrooks filed in St. Francis Circuit Court a document entitled "Writ of Mandamus, Writ of

Prohibition, and Request Pursuant to Rule 37 for Post Conviction Relief" in which she sought to have the Municipal Court Clerk file pleadings she had prepared on behalf of a client in a certain criminal case. She also sought relief from the Municipal Court ruling so she could participate as counsel in the case before the Municipal Court. In the alternative she asked for dismissal of the charges against her client. The case was assigned the number CIV-94-244 in the St. Francis Circuit Court.

An amended version of the pleading was filed by Ms. Hogrobrooks on December 22, 1994. In it she complained that, despite notice to Judge Routon, no response to her earlier petition had been filed. The pleading also recited difficulty she had with respect to getting a hearing date on her petition. The record before us contains a letter, dated December 21, 1994, from a deputy prosecutor to Ms. Hogrobrooks pointing out that, rather than seeking mandamus and prohibition, her client should have appealed from the Municipal Court conviction. Also contained in the record is a letter from Circuit Judge Olly Neal, dated December 22, 1994, stating he had called Ms. Hogrobrooks's office in an attempt to set a hearing on her petition but his call was not returned. He stated in the letter that he could hear the matter on January 13, 1995. The record does not show whether a hearing was held.

On August 11, 1995, Ms. Hogrobrooks filed in this Court a document styled, "Heather Patrice Hogrobrooks, Petitioner v. Forrest City Municipal Court, Respondent — Petition for Writ of Certiorari and Petition for Writ of Mandamus Directing Judges of the First Judicial District to Rule in St. Francis County Cause No. CIV. 94-244." In her request for certiorari she asks this Court to prohibit Judge Routon from preventing her from practicing in the Municipal Court. She has since filed a motion in this Court asking that we stay proceedings in yet another Municipal Court case in which she has been denied the right to act as counsel. In her request for mandamus she asks that we order the Circuit Court to rule in CIV-94-244.

■ In its response on behalf of Judge Routon, the Attorney General correctly points out that the Supreme Court has held that it lacks supervisory jurisdiction to issue an extraordinary writ to a municipal court. *Ex parte Dame*, 162 Ark. 382, 259

S.W. 754 (1923). The Attorney General opposes the motion for stay on the same ground, citing in addition to the *Dame* case *Howell* v. *Todhunter*, 181 Ark. 250, 25 S.W.2d 21 (1930), in which we suggested the only way this Court may control the actions of a municipal court is through review of actions taken by a circuit court with respect to a municipal court. The Attorney General takes no position on the mandamus petition.

We deny the petition for certiorari to the Municipal Court and the motion to stay proceedings there.

■ We must also deny the mandamus petition. In his response, the Attorney General points out that the St. Francis Circuit Court has not been named as a party. We add to that statement that mandamus runs to a particular judge rather than a court, and no judge serving the St. Francis Circuit Court has been named as a party. *See State* v. *Craighead County Board of Election Commissioners*, 300 Ark. 405, 779 S.W.2d 169 (1989) (a Writ of Mandamus is directed to a ministerial officer). The record does not show that either Judge Neal or any other judge of that Court has been served with the pleadings in this original action before this Court. The Attorney General was served but filed no response until we asked him to do so.

Ms. Hogrobrooks recognizes the fact that Judge Neal was not named directly as a party in her mandamus petition but she states: "It should be no impediment for relief that the judges of the St. Francis County Court were not named as respondents. *Neal* v. *Jimmie L. Wilson*, [321 Ark. 70, 900 S.W.2d 177] (1995), Sup. Ct. No. 95-536 (June 12, 1995)." In that case, we were asked to issue *certiorari* to Judge Olly Neal who was not named as a party, and we said:

> In conclusion we touch on respondent's brief mention that Judge Neal is a necessary party to the request for certiorari proceeding. He cites no legal authority and even fails to cite or argue ARCP Rule 19, Arkansas's rule concerning the joinder of persons needed for a just adjudication. We have held that, absent convincing argument or citation of authority, we decline to address the response or argument to a petition for certiorari. We would simply state that neither Judge Neal nor Judge Lineberger has an interest related to the subject of this action between petitioner

and respondent, and those judges' presence, as parties, has nothing to do with whether complete relief can be accorded in this case. *Cf. Bridges* v. *Arkansas Motor Coaches Limited, Inc.*, 256 Ark. 1054, 511 S.W.2d 651 (1974); *McKenzie* v. *Burris*, 255 Ark. 330, 500 S.W.2d 357 (1973); *State* v. *Nelson, Berry Pet. Co.*, 246 Ark. 210, 438 S.W.2d 33 (1969)(where petitions for writs of certiorari actions were decided by the court without trial judges being joined as parties). We would also point our that Judge Neal has never requested to be a party to this case.

▮ The gravamen of that decision was the lack of convincing argument or authority. We point out that the remedy sought there was *certiorari* rather than mandamus. The result was the quashing of certain orders of the court rather than an order to a judge to perform his duty as is sought here. We do not issue mandamus to a judge who has not been made a party to the petition or served with the pleadings.

Petition denied.

BROWN and ROAF, JJ., concur.