NATIONAL FRONT PAGE, LLC, and Curtis E. Venn, Individually, and in His Capacity as Owner and Operator of National Front Page, LLC, Jointly and Severally v. STATE of Arkansas, *ex rel.* Mark Pryor, Attorney General

01-1079 86 S.W.3d 848

Supreme Court of Arkansas
Opinion delivered October 10, 2002

*Hampton & Larkowski*, by: *Jerry Larkowski*, for appellant.

*Mark Pryor*, Att'y Gen., by: *James DePriest*, Senior Ass't Att'y Gen., for appellee.

A NNABELLE CLINTON IMBER, Judge. This case calls into question a circuit court's authority under Ark. R. Civ. P. 37(d) (2002) to issue sanctions, including a default judgment, based on a party's failure to timely respond to discovery requests. The appellants, National Front Page, LLC, and Curtis E. Venn, individually and as owner and operator of National Front Page (hereinafter referred to as "NFP"), contend that the circuit court abused its discretion in granting default judgment after they not only failed to respond to interrogatories and requests for production, but also after they (a) failed to appear at the hearing on the State's motion to compel discovery and (b) refused to appear on the date set for trial. We disagree and affirm.

On April 13, 1999, the Attorney General for the State of Arkansas filed suit against NFP alleging violation of the Arkansas Deceptive Trade Practices Act, the Arkansas Telemarketer Registration Act, and common law fraud in connection with NFP's practice of soliciting businesses to purchase advertising for sports-related activity calendars. On February 4, 2000, the State served NFP with interrogatories and requests for production of documents. When NFP failed to respond to the State's discovery

requests by March 16, the State sent a letter to NFP's attorney in which it expressed a willingness to consider settlement if specified disclosures and admissions were made. The State then filed a motion to compel discovery on June 14, 2000, pursuant to Ark. R. Civ. P. 37(a)(2) (2002). During June, July, and August 2000, NFP filed its own requests for discovery, and the State responded to those requests. Meanwhile, NFP had not yet responded to the State's discovery requests.

A hearing on the State's motion to compel discovery was set originally for July 18, 2000, but NFP requested and obtained a postponement. The hearing was rescheduled for August 29, 2000, with the trial being set for November 20-21, 2000. Because of a conflict with another hearing scheduled in a separate action pending in Missouri, NFP requested a second postponement that was granted, and the circuit court rescheduled the hearing on discovery for September 29, 2000. Once again, the hearing was postponed a third time at NFP's request until three days before the scheduled trial date. Shortly before the November 17 hearing date, NFP conferred with the Attorney General's office about securing a continuance. Although both parties requested a continuance, the circuit court denied the request and notified them by letter dated November 15, 2000, that the hearing would still be held on November 17, followed by the trial previously scheduled to begin on November 20. On the same day that the trial court sent the above written notice to the parties, NFP faxed the following message to the court and the Attorney General's office: "The attorney I hired has backed out on me and I will not face the big bad boys without attorney representation on Friday 17th or Monday 20th." NFP did not appear at the November 17 hearing on the State's motion to compel, whereupon the State made an oral motion for default judgment pursuant to Rule 37(d) of the Arkansas Rules of Civil Procedure.

The circuit court granted the State's motion and entered default judgment against NFP on November 22, 2000. In striking NFP's original answer and entering a judgment by default pursuant to Ark. R. Civ. P. 37(b)(2)(C) and 37(d), the court noted that NFP had failed to respond to any of the State's discovery requests,

that NFP's counsel had been allowed to withdraw in June[1], that the motion-to-compel hearing had been postponed three times at NFP's request, and that NFP had advised the court it would not appear at the hearing on November 17, 2000, or at the trial on November 20-21, 2000. The default judgment enjoined NFP from engaging in certain business activities in Arkansas and set a hearing on March 8, 2001, to determine the amount of restitution, civil penalties, and attorney's fees and costs. NFP then filed a *pro se* notice of intent to appeal on December 22, 2000. Later, after retaining counsel, NFP moved to set aside the default judgment.

After the March 8, 2001 hearing, the circuit court entered its final judgment and permanent injunction on April 3, 2001. The circuit court (1) denied NFP's motion to set aside the default judgment; (2) permanently enjoined NFP from doing business of any kind in Arkansas; (3) ordered restitution in the amount of $2,497.45; (4) awarded $14,000 in attorneys fees; and (5) assessed civil penalties totaling $26,000 that would be reduced to $5,000, provided NFP paid restitution within ten days. NFP filed a notice of appeal on April 30, 2001.

■ ■ On appeal, NFP contends it had a justifiable excuse for failing to appear at the motion-to-compel hearing because it did not have counsel and mistakenly thought that the November hearing and trial would be postponed. Furthermore, NFP contends the State did not comply with Rule 55 of the Arkansas Rules of Civil Procedure because no order compelling discovery was ever issued and NFP was not given notice that a default judgment could result from its failure to comply. As an initial matter, NFP did not argue any Rule 55 violations to the trial court. It is well settled that an appellant may not change the basis for its arguments or raise issues for the first time on appeal. *Grandjean v. Grandjean*, 315 Ark. 620, 869 S.W.2d 709 (1994). Furthermore,

---

[1] Letters included in the State's addendum to its brief indicate that on April 6 and April 11, 2000, NFP was advised by its attorney that he intended to request permission to withdraw as attorney of record in the case, and that NFP's continued failure to answer the State's requests for discovery could result in severe sanctions, including the striking of its answer to the complaint.

we have held that Rule 55 requirements do not apply to Rule 37 sanctions. *Viking Ins. Co. of Wisconsin v. Jester*, 310 Ark. 317, 836 S.W.2d 371 (1992). Therefore, NFP's arguments based on Ark. R. Civ. P. 55 are not preserved for appeal and are not relevant to the Rule 37 sanctions at issue in this case.

## I. Standard of Review

■ The imposition of sanctions for the failure to make discovery rests in the trial court's discretion. *Goodwin v. Harrison*, 300 Ark. 474, 780 S.W.2d 518 (1989). We have repeatedly upheld a trial court's exercise of discretion in granting severe Rule 37 sanctions for flagrant discovery violations. *Viking Ins. Co. of Wisconsin v. Jester, supra.* The circuit court need not find a willful or deliberate disregard of discovery rules before imposing Rule 37 sanctions. *Calandro v. Parkerson*, 333 Ark. 603, 970 S.W.2d 796 (1998).

## II. Authority to Issue Rule 37(d) Sanctions

■ The first question is whether the circuit court had the authority to issue sanctions, including default judgment, under Rule 37(d) of the Arkansas Rules of Civil Procedure. The answer to this question requires interpretation of our rules of civil procedure. We construe rules using the same means, including canons of construction, that are used to interpret statutes. *Williams v. State*, 347 Ark. 728, 67 S.W.3d 548 (2002); *Smith v. Smith*, 341 Ark. 590, 19 S.W.3d 590 (2000). The first rule in considering the meaning and effect of a statute or rule is to construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language. When the language is plain and unambiguous, there is no need to resort to rules of statutory construction. *Yamaha Motor Corp., U.S.A. v. Richard's Honda Yamaha*, 344 Ark. 44, 38 S.W.3d 356 (2001).

■ ■ Rule 37 of the Arkansas Rules of Civil Procedure provides in pertinent part as follows:

*Rule 37. Failure to make discovery; sanctions.*

(a) *Motion for Order Compelling Discovery.* A party, upon reasonable notice to all parties and all persons affected thereby, may apply for an order compelling discovery as follows:

\* \* \* \*

(2) *Motion.* If . . . a party fails to answer an interrogatory submitted under Rule 33, . . . the discovering party may move for an order compelling an answer[.]

\* \* \* \*

(b) *Failure to Comply with Order.*

\* \* \* \*

(2) *Sanctions By Court In Which Action Is Pending.* If a person . . . fails to obey an order to provide or permit discovery, including an order made under subdivision (a) of this rule or Rule 35, the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:

\* \* \* \*

(C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party;·

\* \* \* \*

(d) *Failure of Party to Attend at Own Deposition or Serve Answers to Interrogatories or Respond to Request for Inspection.* If a party . . . fails . . . (2) to serve answers or objections to interrogatories submitted under Rule 33, after proper service of the interrogatories, . . . the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under paragraphs (A), (B) and (C) of subdivision (b)(2) of this rule. . . .

Ark. R. Civ. P. 37 (2002). Rule 37 provides two methods of imposing sanctions. First, sanctions may be imposed for failure to comply with an order compelling discovery. Ark. R. Civ. P. 37(b). Second, sanctions may be imposed for failure to respond to interrogatories or other discovery requests. Ark. R. Civ. P. 37(d).

Sanctions issued under Rule 37(d) do not require an order compelling production as a prerequisite.

Indeed, this court has upheld Rule 37(d) sanctions without an order to compel production where a defendant has failed to answer interrogatories or otherwise failed to comply with discovery. In *Cook v. Wills*, 305 Ark. 442, 808 S.W.2d 758 (1991), the appellant refused to produce tax returns; so, on the day of trial, the trial court imposed sanctions under Rule 37(d) and struck appellant's third-party complaint even though no order to compel had been issued. Likewise, in *Harper v. Wheatley Implement Co., Inc.*, 278 Ark. 27, 643 S.W.2d 537 (1983), the appellants failed to complete answers to questions on deposition and failed to answer interrogatories. The appellees filed a motion to compel, but the court never issued an order compelling discovery. *Id.* On the day of trial, the court struck the appellants' pleadings relating to certain claims. *Id.*

■ Thus, we hold that the circuit court had the authority to issue sanctions, including default judgment, without an order compelling discovery. The only question remaining is whether, under the facts of the instant case, the circuit court abused its discretion.

### III. Discretion to Issue Rule 37(d) Sanctions

On November 17, 2000, the circuit court was faced with the following situation: NFP had refused to answer the State's discovery requests even after it had been advised by counsel that NFP's failure to respond to discovery could result in severe sanctions, including the striking of its answer. In an attempt to obtain discovery, the State had filed a motion for order compelling discovery. The circuit court allowed NFP to postpone the motion-to-compel hearing three times, with the fourth hearing date set for November 17 — only three days before trial was scheduled to begin on November 20. Over nine months passed between the service of the interrogatories and requests for production of documents on February 2 and the hearing on November 17; yet, the State was faced with trying the case in three days without NFP having complied with a single discovery request. NFP had been

informed in April by its attorney that he intended to ask the court for permission to withdraw as attorney of record in the case. The circuit court granted the attorney's petition to be relieved on June 26, 2000.

According to the record, another attorney conveyed a settlement offer to the Arkansas Attorney General by letter dated June 28, 2000; however, NFP proceeded *pro se* between June and November 2000. The only other indication in the record of NFP retaining counsel is a letter from yet another attorney dated November 7, 2000, that informed the circuit court he would not be representing NFP. As previously noted, NFP advised the circuit court by fax on November 15 that it would not appear for either the November 17 hearing or the November 20-21 trial. At the November 17 hearing, NFP did not appear in person or by counsel.

■ Thus, the circuit court was faced with a defendant that refused to answer any requests for discovery, that failed, after three postponements, to appear at a hearing on a motion to compel discovery three days before trial, and that stated it would not appear for trial. Under these facts, we cannot say that the circuit court abused its discretion in granting the State's motion for default judgment. The trial court was in a superior position to judge the actions and motives of the parties, and we will not second guess the circuit court in the instant case. *Calandro v. Parkerson, supra.*

■ ■ NFP contends that it would have been unfair to face the "big bad boys" without counsel. However, a party's failure to retain counsel is not sufficient, by itself, to defeat a default judgment. *Gibson v. Pickett,* 256 Ark. 1035, 512 S.W.2d 532 (1974). NFP also contends that it was unfair to proceed after he informed the circuit court that he would not attend the hearing or trial on the dates scheduled, and especially after NFP and the State had agreed to a continuance. "[I]t is crucial to our judicial system that trial courts retain the discretion to control their dockets." *Calandro v. Parkerson,* 333 Ark. at 609, 970 S.W.2d at 800. In addressing the trial court's exercise of its discretion in setting the court docket, we have stated:

The court controls the trial calendar and provides for the scheduling of cases upon the calendar, Ark. R. Crim. P. 27.2, the setting of which is tantamount to a direct order of the court. Recently, in *Sphere Drake Ins. Co. v. Bank of Wilson*, 307 Ark. 122, 817 S.W.2d 870 (1991), we noted that although Ark. R. Civ. P. 55(c) authorized a trial court to set aside a default judgment upon a showing of excusable neglect, unavoidable casualty, or other just cause, where the appellant in that case was faced with a court order to answer interrogatories within ten days or face default, it was irrelevant whether appellee's counsel objected to the appellant's stated intention not to file responses because the appellee's attorneys did not have the authority to authorize the appellant to flaunt a court order. The same holds true in this case, regardless of an agreement, if any, between the attorneys as to a different date for trial. Simply put, attorneys do not have the authority to vary a trial date set by the court.

*Rischar v. State*, 307 Ark. 429, 431, 821 S.W.2d 25, 26 (1991). The same reasoning would apply to hearing dates. Because the trial court controls its docket, parties do not have the power to change a hearing date set by the court.

 Finally, NFP argues that a default judgment was too harsh a sanction in this case. We disagree. The finality or severity of the sanctions imposed by the trial court is of no consequence because Rule 37 specifically provides for dismissal of the action in the case of a flagrant failure to comply with discovery. *Calandro v. Parkerson, supra*.

Rule 37(d) of the Arkansas Rules of Civil Procedure authorizes a circuit court to impose sanctions, including default judgment, for noncompliance with the rules of discovery without first issuing an order compelling discovery. Under the circumstances of this case, we cannot say that the circuit court abused its discretion in granting default judgment in favor of the State.

Affirmed.