STATE of Arkansas *v.* The Hon. Robert C. VITTITOW, Desha County Circuit Judge

04-286 186 S.W.3d 237

Supreme Court of Arkansas
Opinion delivered June 17, 2004

*Thomas D. Deen*, Prosecuting Att'y, Tenth Judicial Dist., for petitioner.

*Renae Ford Malone*, for respondent.

ANNABELLE CLINTON IMBER, Judge. The State of Arkansas, through the prosecuting attorney for the Tenth Judicial District, petitions this court for a writ of mandamus to compel the respondent Circuit Judge Robert C. Vittitow to timely render a decision on a pending petition for the removal of Clay Oldner from the Office of Mayor of Dumas. We deny the petition.

By criminal information, the State charged the mayor of Dumas, Clay Oldner, with theft of property, public record tampering, abuse of office, and witness tampering. After a jury trial, Mayor Oldner was convicted of witness tampering in violation of Ark. Code Ann. § 5-53-110, and abuse of office in violation of

Ark. Code Ann. § 5-52-107; a mistrial was granted on the other two counts. On October 24, 2003, the circuit court entered a judgment and conviction order. On November 7, 2003, the State filed a petition to remove Mr. Oldner from his office as Mayor of the City of Dumas. On November 12, 2003, an amended judgment was entered wherein Mayor Oldner was fined $300, ordered to pay restitution in the amount of $1,750 to the City of Dumas, and assessed $150 in court costs. No appeal was taken from the convictions and judgment.

On December 1, 2003, Mayor Oldner contested the removal and filed a response to the State's petition. In his response, Mayor Oldner contended that neither witness tampering nor abuse of office was an infamous crime that would mandate his removal under the Arkansas Constitution.[1] On January 7, 2004, Circuit Judge Bynum Gibson, Jr., who had been assigned to preside over the State's petition for removal, recused from the proceedings and directed the Clerk to draw randomly among the remaining circuit judges in the Tenth Judicial District. The State, on January 8, 2004, filed a motion requesting a hearing for Mayor Oldner to show cause why he should not be removed from office pursuant to Article 5, section 9, of the Arkansas Constitution. In the meantime, the State filed an amended information against Mayor Oldner for theft of property and public record tampering, the two unresolved counts from the State's original information.

On February 6, 2004, the circuit court set a hearing on the State's petition for removal for April 6, 2004. The State filed a motion for summary judgment on February 27, 2004. On that same day, Circuit Judge Robert C. Vittitow filed a letter order dated February 26, and *sua sponte* continued the April 6 hearing pending the outcome of the criminal case filed against Mayor Oldner. In that letter, Judge Vittitow stated:

> It has come to my attention that criminal charges against Mr. Oldner will be tried in Desha County in the near future. As I understand the law, a conviction would result in the automatic

---

[1] The Arkansas Constitution provides that "[n]o person hereafter convicted of embezzlement of public money, bribery, forgery, or other infamous crime shall be eligible to the General Assembly or capable of holding any office or trust or profit in this state." Ark. Const. Art. 5, § 9.

removal from office. In that event, the above civil action would be moot. Therefore, in the interest of judicial economy, that matter is continued.

An order of continuance was also entered by the circuit judge on February 27, 2004. The State immediately sent a letter dated February 27, 2004, requesting the court to reconsider its decision to continue the case indefinitely. In a letter dated March 10, 2004, Judge Vittitow explained that the April 6 hearing on the State's civil petition for removal had been continued after he learned that Mayor Oldner's criminal trial was set for the same week. Judge Vittitow explained further that he did not intend to delay the civil case indefinitely and would reset the matter as his schedule permitted.

On March 12, 2004, the State filed a petition for writ of mandamus in this court requesting an order compelling the Desha County Circuit Court to "timely render a decision on the petition for removal pending against Clay Oldner, Mayor of Dumas . . . ." The Attorney General, on behalf of Judge Vittitow, filed a response requesting that the State's petition be denied. As reflected in the respondent's addendum, the circuit court signed an order on March 30, 2004, resetting the summary judgment hearing for June 15, 2004, and, by order dated March 31, 2004, the matter has been set for trial on November 10, 2004.

As a threshold matter, the Attorney General argues that the prosecuting attorney's petition for writ of mandamus should be denied because a writ of mandamus issues against a particular judge and Judge Vittitow has not been named as a respondent. In *Hogrobrooks v. Routon,* 321 Ark. 654, 906 S.W.2d 687 (1995), we held that mandamus runs to a particular judge rather than a court. In denying the petition, we stated that "[w]e do not issue mandamus to a judge who has not been made a party to the petition or served with the pleadings." *Id.* at 657, 906 S.W.2d 688-89. In this case, the Attorney General concedes that Judge Vittitow has been served with the pleadings but maintains that the petition should be denied because Judge Vittitow has not been named as a respondent to the petition.

In *Lee v. McNeil,* 308 Ark. 114, 823 S.W.2d 837 (1992), this court treated a petition for writ of prohibition as a petition for a writ of mandamus. In that case, the petitioner named individual judges in his petition for writ of prohibition. *Id.* We explained that prohibition lies to the court and not to a judge;

therefore, the petition was inappropriate. *Id.* Nonetheless, we treated the petition for a writ of prohibition as a petition for a writ of mandamus and granted the writ. *Id.* We have, on other occasions, treated a petition for an extraordinary writ, although technically incorrect, as if it were filed against the proper party and allowed the original action to continue. *See, e.g., Arkansas Dept. of Human Servs. v. Collier,* 351 Ark. 506, 95 S.W.3d 772 (2003) (treating a writ of prohibition incorrectly filed against a particular judge as one correctly filed against the circuit court); *see also Traveler's Ins. Co. v. Smith,* 329 Ark. 336, 947 S.W.2d 382 (1997); *Moody v. Arkansas County Circuit Court,* 350 Ark. 176, 85 S.W.3d 534 (2002); *Arnold v. Spears,* 343 Ark. 517, 36 S.W.3d 346 (2001). Thus, in this case, where the Attorney General made an appearance after the State properly served Judge Vittitow with the petition but improperly named the circuit court as respondent, we will treat the petition for writ of mandamus as if it had been properly filed against the individual judge.

In its petition, the State argues that Judge Vittitow has inappropriately refused to decide a case that is properly before him. Judge Vittitow responds that he did not manifestly abuse his discretion in entering a continuance and resetting the hearing for a later date. The State concedes that Judge Vittiow has set a hearing on its motion for summary judgment for June 15, 2004, but nonetheless presses its petition requesting that a writ of mandamus "be issued compelling the trial court to make a ruling on the removal petition."

The purpose of a writ of mandamus is to enforce an established right or to enforce the performance of a duty. *Manila School Dist. No. 15 v. Wagner,* 357 Ark. 20, 159 S.W.3d 285 (2004). A writ of mandamus is issued by this court only to compel an official or judge to take some action. *Id.* When requesting a writ of mandamus, a petitioner must show a clear and certain right to the relief sought and the absence of any other adequate remedy. *Id.* However, a writ of mandamus will not lie to control or review matters of discretion. *Id.* Mandamus is a remedy to be used on all occasions where the law has established no specific remedy and justice and good government require it; it is a writ that is used to enforce an established right. *Lee v. McNeil,* 308 Ark. 114, 823 S.W.2d 837 (1992).

In this case, the State seeks mandamus to compel a circuit court to make a ruling on petition for the removal of Mayor

Oldner from office. Judge Vittitow contends that his order con-
tinuing the case and setting it for a later date was within his
discretion to control his docket.

The State chiefly relies on *Road Imp. District No. 1. v.
Henderson,* 155 Ark. 482, 487, 244 S.W. 747, 749 (1922), where
we held that the chancellor erred "in his conclusion to await a
decision of the [United States Court of Appeals for the Eighth
Circuit] before deciding the issue before him." While Judge
Vittitow's initial letter indicated that he was continuing the
removal action pending before him until the criminal matters
against Mayor Oldner had been resolved, he later explained by
letter dated March 10, 2004, that he continued the case upon
learning that there was a conflict in the trial settings for the
criminal case pending against Mayor Oldner and the petition for
removal. The criminal trial had been reset for the week of April 5,
2004, and the petition for removal was set for April 6, 2004.
According to Judge Vittitow, he had no problem with another
circuit judge rescheduling the criminal trial, as he "needed dates to
complete a long, highly technical divorce action involving prop-
erty issues."

The grant or denial of a motion for continuance is
within the sound discretion of the trial court, and that court's
decision will not be reversed absent an abuse of discretion amount-
ing to a denial of justice. *City of Dover v. City of Russellville,* 346 Ark.
279, 57 S.W.3d 171 (2001). In addition, we have long held that,
"[I]t is crucial to our judicial system that trial courts retain the
discretion to control their dockets." *National Front Page, LLC v.
State ex rel. Pryor,* 350 Ark. 286, 294, 86 S.W.3d 848, 853 (2002)
(quoting *Calandro v. Parkerson,* 333 Ark. 603, 609, 970 S.W.2d 796,
800 (1998); *see also Eason v. Erwin,* 300 Ark. 384, 781 S.W.2d 1
(1989). The State cites no case suggesting that a court abused its
discretion in granting a continuance to avoid a conflict in trial
settings of separate cases involving the same defendant. Quite to
the contrary, this court has held that a trial court abused its
discretion in refusing to grant a continuance on the basis that new
counsel had a conflict such that he could not appear on the date set
for trial. *Sikes v. Segers,* 587 S.W.2d 554, 266 Ark. 654 (1979).
Instead, the State points to Ark. Code Ann. § 16-106-101(c),
which states "[p]recedence shall be given, in all courts, to actions
or other proceedings in which the state is a party, over any other

business of the court," and argues that there is no just reason to delay Mayor Oldner's trial until November 10, 2004.

In *Eason v. Erwin, supra,* we explained that eliminating a trial judge's control over his docket would destroy the independence of the trial bench which is one of the trademarks of the American judicial system. In that case, we held that mandamus would not lie to compel a trial judge to dispose of a seven-month-old motion for summary judgement where the judge had indicated that he would set the matter for trial within a few months. *Eason v. Erwin, supra.* Judge Vittitow's docket is not before the court. We cannot say that Judge Vittitow has violated the mandates of Ark. Code Ann. § 16-106-101(c) by setting a hearing on the State's motion for summary judgment for June 15, 2004. We refuse to apply section 16-106-101(c) blindly and without consideration of the court's docket. The judge's discretion to control his docket is not completely obviated by Ark. Code Ann. 16-106-101(c). That statute requires the court to give precedence to cases where the State is a party but does not mandate that all other actions where the State is not a party be immediately postponed to accommodate a case where the State is a party.

The State buttresses its argument by pointing out the strong policy in favor of quickly determining a public official's qualifications to serve under Article 5, section 9, of the Arkansas Constitution. We have stated:

> [W]e interpret art. 5, § 9 to mean that a public official becomes subject to removal when convicted by a plea of guilty or a verdict of guilty in circuit court of a crime defined by the article. Anything less, we believe, effectively nullifies the provision. We recognize the potential for harm to which this interpretation gives sufferance. However, the risk of harm to an individual must be balanced against the alternative — the loss of public confidence in those who govern which inevitably accompanies the spectacle of office holders who have been found guilty of an offense which disqualifies them for public trust, yet continue to hold the office by resorting to the endless delays to which the criminal justice system is now susceptible.

*Campbell v. State,* 300 Ark. 570, 577, 781 S.W.2d 14, 18 (1989). We recognize the immediacy of the State's concern. However, the record in this case reveals that the case has steadily moved forward with a

hearing on the State's motion for summary judgment presently set for June 15, 2004. Under these circumstances, we cannot say that the State has shown a clear and certain right to the relief sought.

Writ denied.

GLAZE, J., concurs.

TOM GLAZE, Justice, concurring. I join the majority court's decision because I believe Circuit Judge Robert C. Vittitow had good reason to continue and reset the State's petition for a writ of mandamus to compel the removal of Clay Oldner as the Mayor of Dumas. The bar and bench should remain aware that a judge may control his or her docket, but there are limits.

The majority properly cites the case of *Eason v. Erwin*, 300 Ark 384, 781 S.W.2d 1 (1989), where the trial court had failed to rule on the petitioners' motion for summary judgment which had been pending seven months. Petitioners had made several requests for a trial setting. However, this court cited the Code of Judicial Conduct, Canon 3(A)(5), which requires that a judge should promptly dispose of court business, and added that the court did not mean a motion or case should be delayed beyond a time reasonably necessary to dispose of it. *See also* Administrative Order Number 3, which provides courts a period of time within which to dispose of cases under final submission. Although the *Erwin* court denied petitioners a writ of mandamus, it cautioned the judge that "one would have to concede that the trial judge needs to do something to demonstrate his objectivity. The best way to demonstrate that objectivity is to promptly attend to the matter." This admonition given in the *Erwin* decision is worth practicing and, on occasion, work to avoid some embarrassing moments.