Daron BARNETT *v.* STATE of Arkansas

04-833                                          190 S.W.3d 909

Supreme Court of Arkansas
Opinion delivered September 9, 2004

*Christopher W. Hays*, for appellant.

No response.

PER CURIAM. Daron Barnett, by his attorney, Christopher W. Hays, has filed a motion for rule on clerk, asking this court to accept the record even though the notice of appeal lacks a date stamp from the circuit court's clerk.

On April 7, 2004, the Desha County Circuit Court convicted Barnett of theft of property and sentenced him to one year in county jail. On April 28, 2004, Hays mailed Barnett's notice of appeal from the April 7 order. The circuit court's docket sheet reads that this notice of appeal was filed on April 29, 2004, however, the notice of appeal lacks a date stamp from the circuit court's clerk. On July 28, 2004, Hays tendered the record.

This court recently clarified its treatment of motions for rule on clerk and motions for belated appeals in *McDonald v. State*, 356 Ark. 106, 146 S.W.3d 883 (2004). There we said:

> . . . Where an appeal is not timely perfected, either the party or attorney filing the appeal is at fault, or there is good reason that the appeal was not timely perfected. The party or attorney filing the appeal is therefore faced with two options. First, where the party or attorney filing the appeal is at fault, fault should be admitted by affidavit filed with the motion or in the motion itself. There is no advantage in declining to admit fault where fault exists. Second, where the party or attorney believes that there is good reason the appeal was not perfected, the case for good reason can be made in the motion, and this court will decide whether good reason is present.

356 Ark. at 116, 146 S.W.3d at 891 (footnote omitted). While this court no longer requires an affidavit admitting fault before we will consider the motion, an attorney should candidly admit fault where he has erred and is responsible for the failure to perfect the appeal. *See id.* However, where a motion seeking relief from failure to perfect an appeal is filed and it is not plain from the motion, affidavits, and record whether there is attorney error, the clerk of this court will be ordered to accept the notice of appeal or record, and the appeal will proceed without delay. *See id.* At that time, the matter of attorney error will be remanded to the trial court to make findings of fact. *See id.* Upon receipt of the findings by this court, it will render a decision on attorney error. *See id.*

In the present case, the motion and accompanying record fail to reveal plainly whether there was attorney error by Barnett's attorney. For that reason, we direct the clerk to accept the appeal, and we remand the matter of attorney error to the circuit court to make findings of fact. Hays shall have fifteen days from the date of this *per curiam* to have the Desha County Circuit Court Clerk date stamp the notice of appeal.

The present motion for rule on the clerk is granted.