Keela McGAHEY  *v.*  STATE of Arkansas

CR 04-1041                                                195 S.W.3d 922

Supreme Court of Arkansas
Opinion delivered October 21, 2004

*Hubert W. Alexander*, for appellant.

No response.

PER CURIAM. Appellant, Keela McGahey, by her attorney, Hubert W. Alexander, has filed a motion for rule on clerk, asking this court to grant time to obtain the trial transcript from the court reporter.

On March 7, 2003, the Desha County Circuit Court convicted appellant of manufacturing methamphetamine and possession of drug paraphernalia used to manufacture methamphetamine and sentenced her to 180 months' and 300 months' imprisonment to run concurrently in the Arkansas Department of Correction. At trial, appellant was represented by Mr. Jimmy Doyle. On April 7, 2003, a notice of appeal was timely filed.

On May 15, 2003, the court reporter forwarded a letter to Mr. Doyle, outlining the parties' conversation regarding payment of the record. On June 20, 2003, the court reporter again forwarded a letter to Mr. Doyle, notifying him that the time for filing the record had passed. The court reporter also noted the possibility of appellant being declared indigent.

Mr. Doyle sent a letter dated February 9, 2004, to appellant, requesting that she sign an affidavit to receive the record as a pauper. Appellant signed and returned the affidavit to Mr. Doyle on February 18, 2004.

In her motion before us, appellant states that the failure to obtain and file the record is through no fault of her own, and she requests that we grant her motion for rule on the clerk. She has also retained Mr. Hubert W. Alexander to represent her in her appeal and requests that Mr. Alexander be substituted as the attorney of record.

We recently clarified the treatment of motions for rule on clerk and motions for belated appeals in *Barnett v. State*, 358 Ark. 358, 190 S.W.3d 909 (2004) (citing *McDonald v. State*, 356 Ark. 106, 146 S.W.3d 883 (2004)), where we stated:

> Where an appeal is not timely perfected, either the party or attorney filing the appeal is at fault, or there is good reason that the

> appeal was not timely perfected. The party or attorney filing the appeal is therefore faced with two options. First, where the party or attorney filing the appeal is at fault, fault should be admitted by affidavit filed with the motion or in the motion itself. There is no advantage in declining to admit fault where fault exists. Second, where the party or attorney believes that there is good reason the appeal was not perfected, the case for good reason can be made in the motion, and this court will decide whether good reason is present.

*Id.*

◼ While we no longer require an affidavit admitting fault before we will consider the motion, an attorney should candidly admit fault where he has erred and is responsible for the failure to perfect the appeal. *See id.* However, where a motion seeking relief from failure to perfect an appeal is filed and it is not plain from the motion, affidavits, and record whether there is attorney error, the clerk of this court will be ordered to accept the notice of appeal or record, and the appeal will proceed without delay. *See id.* At that time, the matter of attorney error will be remanded to the trial court to make findings of fact. *See id.* Upon receipt of the findings by this court, it will render a decision on attorney error. *See id.*

◼ In the present case, the motion and accompanying record fail to reveal plainly whether there was an attorney's error on Mr. Doyle's part.[1] For that reason, we direct the clerk to accept the appeal, and we remand the matter of attorney error to the circuit court to make findings of fact. Therefore, the present motion for rule on the clerk is granted.

Appellant's motion to substitute counsel is granted. The clerk shall establish a briefing schedule.

---

[1] We note that more than eighteen months have passed since the entry of the judgment in this case. We distinguished our rules in *McDonald v. State,* 356 Ark. 106, 146 S.W.3d 883 (2004), where we stated that if the issue of failure to perfect an appeal involves a *notice of appeal,* then relief must be sought under Ark. R. App. P.—Crim. 2. If the issue of failure to perfect an appeal involves *docketing the record,* then relief must be sought under Ark. Sup. Ct. R. 2-2. Because the present appeal involves the docketing of the record, rather than the filing of a notice of appeal, then the eighteen-month time limit under Ark. R. App. P.—Crim. 2 does not apply.