Keela McGAHEY *v.* STATE of Arkansas

CR 04-1041                                              203 S.W.3d 123

Supreme Court of Arkansas
Opinion delivered February 10, 2005

*Hubert W. Alexander* for appellant.

No response.

PER CURIAM. Attorney Jimmy E. Doyle was ordered to appear before this court to show cause as to why he should not be held in contempt for failing to timely lodge the record on appeal for his client, Appellant Keela McGahey. The procedural history of this matter is set out in three *per curiam* opinions. *See McGahey v. State*, 360 Ark. 380, 201 S.W.3d 416 (2005); *McGahey v. State*, 360 Ark. 94, 199 S.W.3d 682 (2004); *McGahey v. State*, 359 Ark. 252, 195 S.W.3d 922 (2004).

On January 27, 2005, Mr. Doyle appeared as ordered and entered a plea of guilty to the contempt charge. In mitigation, he stated that he has not taken any new clients in the past year and that he has now closed his law practice. He explained that he got in over his head, taking too many cases at once, and not being able to turn down any potential clients. He also admitted that he had failed to timely lodge the records on appeal for two other clients, for which this court has already relieved him as counsel of record. *See Fairfield v. State*, CR 04-1095 (Ark. December 9, 2004) (*per curiam*); *Garcia v. State*, CR 04-1111 (Ark. December 9, 2004) (*per curiam*).[1] At the conclusion of his statement in open court, Mr. Doyle

---

[1] In both of those cases, this court noted that it would have ordered Mr. Doyle to remain as attorney of record, but for the fact that he had been suspended from the practice of law for failing to comply with continuing legal education requirements.

indicated that the only thing he had to offer to atone for his failings was his law license, and he offered to voluntarily surrender it to this court.

Based on the foregoing, we accept Mr. Doyle's guilty plea and find him in contempt. We impose a fine of $250, to be paid within thirty days from the date of this order. A copy of this *per curiam* will be forwarded to our Supreme Court Committee on Professional Conduct to take any appropriate action the Committee deems necessary.

It is so ordered.