

Cite as 2013 Ark. 515

# SUPREME COURT OF ARKANSAS

No. CR-13-715

| | |
|---|---|
| TROY LAWRENCE MCCULLEY | **Opinion Delivered** December 12, 2013 |
| APPELLANT | MOTION FOR RULE ON CLERK |
| V. | |
| STATE OF ARKANSAS | <u>GRANTED</u>. |
| APPELLEE | |

**PER CURIAM**

Troy Lawrence McCulley, by and through his attorney, Steven Ray Davis, has filed his second motion for rule on clerk. On September 5, 2013, we remanded his prior motion to the circuit court for a determination whether the attorney for McCulley had been asked to perfect this appeal.

On February 22, 2013, McCulley was convicted of one count of rape and four counts of possession of drug paraphernalia. He was sentenced to a total of 360 months' imprisonment on the rape conviction and fined $1000 on each of count of possession of drug paraphernalia. McCulley's trial counsel, John May, filed a notice of appeal on March 12, 2013. More than 90 days elapsed following the filing of the notice of appeal, and attorney May did not file an extension to complete the record. After the filing of the notice of appeal, the appellate courts of this state have exclusive jurisdiction to relieve counsel. Ark. R. App. P.–Crim. 16(a)(ii).

McCulley's family procured a transcript and tendered it to this court with the motion

SLIP OPINION

we have before us. McCulley has retained Attorney Steven Ray Davis. He contends that the appeal is filed late solely as a result of Attorney May's failure to request an extension of time for the court reporter to complete the record as provided by Rule 5(b) of the Arkansas Rules of Appellate Procedure–Civil.

After Attorney Davis filed McCulley's first motion for rule on clerk, we remanded the case to the circuit court for a determination of whether Attorney May was asked to perfect the appeal. On October 2, 2013, the circuit court conducted a hearing.

At the conclusion of the testimony, the circuit court found that two parties, McCulley and Timmons, had requested Attorney May to perfect the appeal, that the parties gave Attorney May money for the transcript, and had taken steps to see that the transcript was prepared and filed. The Circuit Court noted further that there was no indication that a request to be relieved had been filed by Attorney May.

The circuit court has complied with our September 5, 2013 order. In accordance with Rule 16(a)(iii) of the Arkansas Rules of Appellate Procedure–Criminal, we relieve Attorney May and recognize Attorney Davis as the counsel of record for this appeal. Further, in accordance with Rule 2(e), we grant McCulley's motion for rule on clerk as he has shown good cause to proceed.

The failure to perfect this appeal appears to lie with McCulley's trial counsel, Attorney John May. Therefore, a copy of the opinion will be forwarded to the Committee on Professional Conduct. *See McDonald v. State*, 356 Ark. 106, 146 S.W.3d 883 (2004).

Motion granted.

SLIP OPINION

HANNAH, C.J.; DANIELSON, GOODSON, JJ., concur.

**PAUL E. DANIELSON, Justice, concurring.** I respectfully concur. On August 15, 2013, appellant Troy Lawrence McCulley, by and through attorney Steven R. Davis, tendered the record and moved this court for rule on clerk. In his motion, McCulley stated that his retained trial counsel, John May, had timely filed a notice of appeal, but had not perfected McCulley's appeal by timely filing the record with this court's clerk. McCulley stated that Mr. May had not been permitted to withdraw from his representation, but that McCulley had since retained Mr. Davis to represent him on appeal. Per order of this court on September 5, 2013, the matter was remanded to the circuit court for a determination of whether Mr. May had been requested to perfect an appeal on McCulley's behalf. The record on remand was filed with this court on November 15, 2013, and McCulley's motion for rule on clerk is before this court once more.

In its findings made on remand, the circuit court specifically found that McCulley had indeed requested Mr. May to perfect an appeal on his behalf. Arkansas Rule of Appellate Procedure–Criminal 16(a)(i) (2013) requires that trial counsel, whether retained or court-appointed, continue to represent a defendant throughout any appeal unless permitted by the trial court or this court to withdraw in the interest of justice or for other sufficient cause. Accordingly, Mr. May was responsible for perfecting McCulley's appeal once he was requested to do so.

This court clarified its treatment of motions for rule on clerk and motions for belated appeals in *McDonald v. State*, 356 Ark. 106, 146 S.W.3d 883 (2004). There we said:


SLIP OPINION

> Where an appeal is not timely perfected, either the party or attorney filing the appeal is at fault, or there is good reason that the appeal was not timely perfected. The party or attorney filing the appeal is therefore faced with two options. First, where the party or attorney filing the appeal is at fault, fault should be admitted by affidavit filed with the motion or in the motion itself. There is no advantage in declining to admit fault where fault exists. Second, where the party or attorney believes that there is good reason the appeal was not perfected, the case for good reason can be made in the motion, and this court will decide whether good reason is present.

356 Ark. at 116, 146 S.W.3d at 891 (footnote omitted). While this court no longer requires an affidavit admitting fault before we will consider the motion, an attorney should candidly admit fault where he or she has erred and is responsible for the failure to perfect the appeal. *See id.* When it is plain from the motion, affidavits, and record that relief is proper under either rule based on error or good reason, the relief will be granted. *See id.* If there is attorney error, a copy of the opinion will be forwarded to the Committee on Professional Conduct. *See id.*

It is plain from the instant motion and record that there was error on Mr. May's part. Pursuant to *McDonald*, *supra*, I concur in granting McCulley's motion for rule on clerk and the forwarding of a copy of this opinion to the Committee on Professional Conduct. I would further relieve Mr. May and permit Mr. Davis to substitute as counsel for McCulley. Under the foregoing analysis, I respectfully concur.

HANNAH, C.J., and GOODSON, J., join.