# SUPREME COURT OF ARKANSAS

**No.** CV–17–54

| | |
|---|---|
| JIM R. NASH | **Opinion Delivered** March 2, 2017 |
| APPELLANT | |
| V. | |
| PULASKI COUNTY CIRCUIT COURT | |
| | DISSENTING OPINION ON DENIAL OF WRIT OF MANDAMUS. |
| APPELLEE | |

**JOSEPHINE LINKER HART, Justice**

The majority believes that Mr. Nash has an adequate remedy at law, i.e., an appeal. After dissecting the complex procedural history of this case, it appears that an appeal would not be available. Thus, I dissent from the denial of petitioner Jim R. Nash's petition for a writ of mandamus to compel Pulaski County Circuit Judge Chris Piazza to appoint a special administrator and allow petitioner time, by staying the circuit court proceedings, to serve this person.

Although he is proceeding pro se, petitioner is a licensed attorney who performed legal services for his brother John R. Nash, Sr.. When John R. Nash, Sr., died, petitioner filed a claim against his estate for unpaid legal work. John R. Nash, Sr.'s widow, Norma Nash, was appointed executor of her late husband's estate. Petitioner subsequently sued Norma, alleging in his complaint that her transfer of almost all of her assets to the Norma Nash Living Trust was a fraudulent transfer. The complaint also asserted claims for breach of contract, specific performance, and tortious interference with a business expectancy. Petitioner obtained good

service on Norma and began discovery. A discovery dispute arose, and petitioner filed a motion to compel and a request for sanctions. However, Norma died on February 28, 2016, before petitioner could fully prosecute his claims.

A notice of suggestion of death was filed on March 22, 2016. Petitioner filed a motion styled, "MOTION FOR REVIVOR OF ACTION AND SUBSTITUTION OF PARTIES." In his motion, petitioner asked the circuit court to appoint John R. Nash, Jr., and Pam Glover as special administrators to represent Norma's estate and her trust. On May 18, 2016, the circuit court filed an order holding petitioner's motions to compel and for sanctions in abeyance and directing petitioner to file a substituted complaint naming the substituted defendants.

Petition complied with the order and filed an amended complaint on May 27, 2016. The complaint named John R. Nash, Jr., and Pam Glover individually and as cotrustees of the Norma Nash Living Trust and as coadministrators of Norma's estate. On June 24, 2016, John R. Nash, Jr., and Pam Glover answered the amended complaint. They denied that personal representatives or special administrators had been appointed. On July 26, 2016, the circuit court signed an order prepared by the attorney for John R. Nash, Jr., and Pam Glover dismissing petitioner's claims against Norma in her individual capacity because no substitution has been entered within ninety days of the suggestion of death, as required by Arkansas Code Annotated section 28-50-102.

On August 2, 2016, petitioner filed a motion to vacate the dismissal order. It alleged that the dismissal was made without a dismissal motion having been filed. It also recited that no probate proceedings had been initiated for Norma's estate. John R. Nash, Jr., and Pam

Glover subsequently filed a motion for summary judgment on behalf of Norma's trust. The summary judgment motion asserted that, because the individual claims against Norma had been dismissed, the suit against the trust could not be maintained because there was no privity of contract between petitioner and the trust.

Petitioner filed an amended and supplemental complaint on September 9, 2016. On September 22, 2016, the circuit court granted petitioner's motion to extend time for obtaining service for the amended complaint that was filed on May 27, 2016. Nonetheless, the May 27, 2016 complaint was served on the attorney who had been acting on behalf of the trust defendants. John R. Nash, Jr., and Pam Glover answered individually and as cotrustees of Norma's trust. However, they specifically denied that a special administrator had been appointed for Norma's estate. On November 11, 2016, John R. Nash, Jr., and Pam Glover filed a motion to dismiss, arguing that Norma and they were not proper parties. Petitioner timely answered, but this motion was not yet ruled on by the circuit court.

Petitioner finds himself in a highly unusual position. His cause of action for breach of contract would have been easily pursued against a living defendant. John R. Nash, Sr.'s death required him to sue the administrator of his estate. However, with his demise, the fact that much of his wealth was in real estate, held by tenancy of the entirety, and that Norma had transferred her property to a living trust introduced a question of how he might collect his judgment. Thus, he invoked the Arkansas Fraudulent Transfer statute. Norma's death further complicated the lawsuit. With little of John R. Nash, Sr.'s property left in his estate, and most of Norma's property in trust, without the claim against Norma individually, i.e., the fraudulent-transfer suit, petitioner was faced with being unable to collect if he won a

judgment.

However, the circuit court refused to appoint a special administrator for Norma's estate. At the behest of John R. Nash, Jr., and Pam Glover, the successor cotrustees of Norma's trust, which would potentially stand to lose assets if petitioner's fraudulent-transfer suit were to go forward, have no incentive to open probate. Without service of process on a personal representative of Norma's estate, the circuit court acquires no personal jurisdiction. Assuming that petitioner was able to get past the fact that the circuit court's dismissal order was without prejudice, and thus not a final order, this court could still not entertain an appeal because of the circuit court's refusal to require the appointment of a special administrator for the purpose of substitution. While it is true that probate orders are immediately appealable, an order of substitution is governed by Rule 25 of the Arkansas Rules of Civil Procedure, and is thus not immediately appealable. Finally, and most important, our jurisdiction to entertain an appeal is derivative of the circuit court having obtained jurisdiction. If the circuit court does not obtain personal jurisdiction by valid service of process, then this court does not obtains jurisdiction. *See John Norrell Arms, Inc. v. Higgins*, 332 Ark. 249, 62 S.W.2d 801 (1998). Short of determining that the circuit court did not, in fact, obtain personal jurisdiction, this court could act no further. *Id.*

I am aware that the limited purpose of a writ of mandamus is to enforce an established right or to compel the performance of a duty. *State v. Vittitow*, 358 Ark. 98, 186 S.W.3d 237 (2004). The writ is issued by this court only to compel an official or a judge to take some action. *Id.* When requesting a writ of mandamus, a petitioner must show a clear and certain right to the relief sought and the absence of any other adequate remedy. *Id.* In the case

SLIP OPINION

before us, petitioner's only way to get all the necessary parties in court is for this court to compel the circuit judge to perform the ministerial duty of appointing a special administrator as provided for by Arkansas Code Annotated section 16-62-107. I therefore respectfully dissent.