# SUPREME COURT OF ARKANSAS.

No. CR–17–181

|  |  |
|---|---|
| JESSIE E. HILL<br><br>                   PETITIONER<br>V.<br><br>EDWIN A. KEATON, CIRCUIT JUDGE<br>               RESPONDENT | **Opinion Delivered** September 14, 2017<br><br>PRO SE PETITION AND AMENDED PETITION FOR WRIT OF MANDAMUS; PRO SE MOTION TO FILE UNCERTIFIED DOCUMENTS<br><br>[OUACHITA COUNTY CIRCUIT COURT, NO. 52CR-95-156]<br><br>PETITIONS GRANTED IN PART AND DENIED IN PART; MOTION DENIED. |

**RHONDA K. WOOD, Associate Justice**

Petitioner, Jessie E. Hill, filed a petition for writ of mandamus and an amended petition for mandamus seeking to compel Judge Edwin A. Keaton to rule on a pro se pleading and grant the relief requested therein. Hill filed the pleading for postconviction relief on December 29, 2016[1]. Also pending in this mandamus proceeding is Hill's motion to file uncertified documents. We grant Hill's writ of mandamus to the extent it requires Judge Keaton rule on the outstanding pleading for postconviction relief but deny the request that we direct Judge Keaton how to rule on Hill's claims. Hill's motion to file uncertified

---

[1] We note that Hill's pleading is included in the record, but does not appear in Contexte, our state court management software. Thus it appears the circuit clerk stamped the pleading as filed but did not make the corresponding entries in the system. We direct the circuit clerk of Quachita County to ensure all pro se pleadings are properly entered into Contexte.

documents in connection with this mandamus proceeding is denied pursuant to Rule 6-1(a) (2016) of the Arkansas Supreme Court which requires that certified documents be filed in a mandamus action.

Hill was convicted of first-degree murder pursuant to a judgment of conviction entered in Ouachita County and was sentenced as a habitual offender to 720 months' imprisonment to be served consecutively to a life sentence that had been imposed in a separate case filed in Grant County. No appeal was taken from the Ouachita County judgment, because Hill's pro se motion to file a belated appeal was denied. *Hill v. State*, CR-96-710 (Ark. Nov. 4, 1996) (unpublished per curiam).

In December 2016, Hill filed a pleading below that sought three separate avenues for postconviction relief that included the issuance of a writ of error coram nobis; a writ of audita querela; and a writ of habeas corpus pursuant to Act 1780 of 2001, as amended by Act 2250 of 2005 and codified at Arkansas Code Annotated sections 16-112-201 to -208 (Repl. 2016) ("Act 1780"). Hill contended that he is entitled to an evidentiary hearing on all three claims for relief, which were primarily based on allegations that both investigators and the prosecutor suppressed material exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). With respect to his Act 1780 claim, Hill contended that he is entitled to additional forensic testing. Judge Keaton has not ruled on these claims.

The purpose of a writ of mandamus is to enforce an established right or to enforce the performance of a duty. *State v. Vittitow*, 358 Ark. 98, 103, 186 S.W.3d 237, 240 (2004). A writ of mandamus is issued by this court only to compel an official or judge to take some action. *Id.* A writ of mandamus will not lie to control or review matters of discretion and

is used to enforce an established right. *Parker v. Crow*, 2010 Ark. 371, at 6, 368 S.W.3d 902, 907. Mandamus will compel a judge to act when he or she should act, but it will not be used to tell a judge how to decide a judicial question. *Branch v. Winfield*, 80 Ark. 61, 95 S.W. 1007 (1906).

Hill's petition for writ of mandamus goes further than requesting that this court require Judge Keaton to act on his pleading. Hill also requests this court compel Judge Keaton to grant him relief and to schedule an evidentiary hearing. In his response to Hill's mandamus petition, Judge Keaton contends that Hill filed his postconviction petition in December 2016, less than five months before Hill's mandamus petitions were filed in this court on May 18, 2017 and that this time frame is not unreasonable.

We have held that a trial judge controls his or her docket and the disposition of motions filed. *Thompson v. Erwin*, 310 Ark. 533, 534–35, 838 S.W.2d 353, 354. We have also made clear that any other practice would destroy the independence of the trial bench, which is one of the trademarks of the American judicial system. *Id.* On the other hand, we have explained that the trial court's control over a docket does not mean a motion or case should be delayed beyond a time reasonably necessary to dispose of it. *Id.*

In *Thompson*, we declined to issue the writ, but the petitioner did not have standing to bring a mandamus action. *Thompson*, 310 Ark. at 535, 838 S.W.2d at 354. Furthermore, we noted that the fact that we had declined to issue the writ should not be construed as sanctioning such delays. *Id.* at 536–37, 838 S.W.2d at 355.

Here, Judge Keaton contends that he has not had enough time to consider and rule on Hill's lengthy petition but failed to indicate when a ruling would be forthcoming, and he further failed to fully explain the status of his docket as it pertains to Hill's petition.

In view of the above, Hill's request for a ruling on his claims for postconviction relief is granted and his request to compel Judge Keaton to grant the relief sought in his pleading is denied. The resolution of the issues raised in Hill's pleading is entirely within the discretion of the trial court and outside the purview of mandamus proceedings. Furthermore, an evidentiary hearing is mandated under Act 1780 only if the circuit court does not otherwise conclude that Hill is not entitled to relief. *See* Ark. Code Ann. § 16–112–205(a). Again, whether an evidentiary hearing is warranted under Act 1780 is well within Judge Keaton's discretion.

Accordingly, Judge Keaton is directed to issue an order disposing of the claims raised in Hill's pleading for postconviction relief filed in December 2016 within 120 days of the date of this order.

Petitions granted in part and denied in part; motion denied.