Cite As 2020 Ark. 328

# SUPREME COURT OF ARKANSAS

**No.** CR-20-424

| | |
|---|---|
| VASQUEZ DOMINIQUE HAYES<br>PETITIONER<br><br>V.<br><br>STATE OF ARKANSAS<br>RESPONDENT | **Opinion Delivered** October 15, 2020<br><br>PRO SE MOTION FOR RULE ON CLERK; MOTION FOR TRANSCRIPT; PETITION FOR WRIT OF MANDAMUS; MOTION FOR APPOINTMENT OF COUNSEL<br><br>[MILLER COUNTY CIRCUIT COURT, NO. 46CR-16-13]<br><br>MOTION FOR RULE ON CLERK GRANTED; MOTION FOR TRANSCRIPT, PETITION FOR WRIT OF MANDAMUS, AND MOTION FOR APPOINTMENT OF COUNSEL DENIED. |

**JOSEPHINE LINKER HART, Associate Justice**

Pending before this court is petitioner Vasquez Dominique Hayes's pro se motion for rule on clerk, motion for transcript, petition for writ of mandamus, and motion for appointment of counsel. For the reasons stated below, the motion for rule on clerk is granted, and the motion for transcript, the petition for writ of mandamus, and motion of appointment of counsel are denied.

## I. *Background*

The partial record that has been tendered in this case demonstrates that on May 17, 2017, a sentencing order was entered reflecting that a jury convicted Hayes of two counts of rape, aggravated residential burglary, aggravated robbery, kidnapping, and two counts of

theft. Hayes was sentenced to an aggregate term of 960 months' imprisonment for the offenses. The record further contains an amended notice of appeal that was timely filed on June 9, 2017, by counsel for Hayes, Lawrence A. Walker and Crystal J. Okoro. A record has yet to be lodged in this court or in the court of appeals.

In his motion for rule on clerk, Hayes contends his counsel failed to perfect an appeal from his convictions by neglecting to lodge the record. Hayes also filed a motion requesting a copy of the trial transcript from his counsel pursuant to Rule 19 of the Arkansas Rules of Appellate Procedure–Criminal (2019). Hayes has also filed a petition for writ of mandamus alleging that counsel had pursued his appeal until December 2017 but took no further action after that date. In his petition, Hayes asks that counsel be compelled to advise him of his appeal status and to have his appeal preserved. Finally, Hayes filed a motion for appointment of counsel.

Attached to Hayes's mandamus petition is correspondence dated November 22, 2019, from the trial court to Hayes's counsel, Mr. Walker and Ms. Okoro, wherein the court recounts that the trial record was picked up by a third party on December 6, 2017, and that the court had reviewed the records of CourtConnect and found no further activity in Hayes's case. The trial court asked Hayes's counsel to provide the court with the status of the case. Also attached to the mandamus petition is correspondence dated March 12, 2020, to Hayes from the trial court advising him that, in response to the court's status inquiry, Hayes's counsel had filed a motion to dismiss the appeal and that Hayes must consult legal counsel in order to proceed with his appeal. In its final correspondence to Hayes, the trial court included a copy of the motion to dismiss filed by Mr. Walker on December 3,

2019. We note that CourtConnect does not reflect that the motion to dismiss was ever acted on by the court.

## II. *Motion for Rule on Clerk*

Hayes filed this pending motion for rule on clerk three years after the notice of appeal had been filed in June 2017. At the outset, it is noted that the eighteen-month time limitation under Rule 2 of the Arkansas Rules of Appellate Procedure–Criminal (2019) does not apply where a notice of appeal was timely filed but the record was not lodged. *McGahey v. State*, 359 Ark. 252, 195 S.W.3d 922 (2004). Therefore, Hayes's motion for rule on clerk is not time-barred. Moreover, there is nothing in the record indicating that counsel for Hayes were relieved by the trial court from their obligation to perfect an appeal prior to the filing of the notice of appeal, and after the filing of the notice of appeal, the appellate courts of this state have exclusive jurisdiction to relieve counsel. *See* Ark. R. App. P.–Crim. 16(a)(ii); *McCulley v. State*, 2013 Ark. 515 (per curiam).

In sum, once the notice of appeal was filed, counsel for Hayes were obligated to perfect the appeal. *Gooden v. State*, 344 Ark. 291, 40 S.W.3d 271 (2001) (per curiam); *Johnson v. State*, 342 Ark. 709, 30 S.W.3d 715 (2000) (per curiam). Because there is no order dismissing the appeal or otherwise relieving counsel from their obligation to perfect the appeal, counsel for Hayes were obligated to lodge the record in the appellate court and to continue representing Hayes. *See Rogers v. State*, 353 Ark. 359, 107 S.W.3d 166 (2003) (per curiam). It is well settled that under no circumstances may an attorney who has not been relieved by the court abandon an appeal. *Id.* The partial record and the motion for

3

rule on clerk as well as the documents attached to Hayes's pleadings demonstrate that Hayes's counsel abandoned the appeal without first being relieved.

### III. *Petition for Writ of Mandamus*

Hayes's petition for writ of mandamus is not the proper procedure in this matter for two reasons. First, a writ of mandamus is issued by this court only to compel a state official or judge to take some action. *State v. Vittitow*, 358 Ark. 98, 186 S.W.3d 237 (2004). Here, Hayes asks this court to compel his counsel to take some action, and counsel are neither state officials nor judges. Second, it is well settled that mandamus does not lie when there is any other adequate remedy. *Kemp-Bradford VFW Post 4764 v. Wood*, 262 Ark. 168, 554 S.W.2d 344 (1977). Here, Hayes's remedy lies in his motion for rule on clerk, and in fact, his mandamus petition is nothing more than an extension of his allegations in his motion for rule on clerk. When it is plain from the motion, affidavits, and record that relief is proper under Arkansas Supreme Court Rule 2-2, it will be granted. *McDonald v. State*, 356 Ark. 106, 146 S.W.3d 883 (2004). Here, it is clear from the motion and record that Hayes is entitled to relief pursuant to Rule 2-2 of the rules of this court.

### IV. *Motion for Transcript and Appointment of Counsel*

Hayes's motion for a copy of the transcript pursuant to Rule 19 of the criminal rules of appellate procedure is premature, and in filing the motion, Hayes has failed to follow procedures set out in the Rule. Rule 19 requires that counsel turn over the transcript of the trial as well as appellate briefs that have been lodged in an appellate court. Here, it is not clear that counsel has the trial record in their possession as the record has not yet been lodged in an appellate court. Further, Rule 19 is applicable when the petitioner

4

demonstrates a compelling need for a paper copy of the trial transcript in support of a timely allegation in an action for postconviction relief. *See Carroll v. State*, 2020 Ark. 160. Hayes is seeking to perfect a direct appeal with the assistance of counsel, and there is no demonstration that he has a compelling need of a paper copy of the trial transcript at this point in the proceedings. Moreover, Hayes failed to serve the motion for copies of the transcript on counsel as required by Rule 19(b). Finally, Hayes's motion for appointment of counsel is also premature as he is currently represented by counsel who have not yet been relieved of their obligation to represent Hayes on appeal.

As counsel for Hayes remain responsible for representing Hayes on appeal, our clerk is directed to lodge the partial record. Mr. Walker and Ms. Okoro are directed to file a petition for writ of certiorari within fourteen days to call up the record or to file the record if it is in their possession.

Motion for rule on clerk granted; motion for transcript, petition for writ of mandamus, and motion for appointment of counsel denied.