. SHROPSHIRE v. STATE.

Opinion delivered June 8, 1908.

NEW TRIAL—NEWLY DISCOVERED EVIDENCE.—Where the evidence in a
criminal case was conflicting, and after the verdict defendant
discovered that one of the State's witnesses swore to defendant's
guilt under a misapprehension that defendant's brother was on trial,
this was a sufficient ground for a new trial, under Kirby's Digest,
§ 2422, subdiv. 6, being important evidence discovered since the
trial.

Appeal from Conway Circuit Court; *J. Hugh Basham,*
Judge; reversed.

*W. P. Strait,* for appellant.

1. A new trial will be granted where the verdict is so clear-
ly against the weight of evidence as to shock the sense of justice
of a reasonable person. 70 Ark. 385; 65 *Id.* 278; 34 *Id.* 632;
10 *Id.* 492.

2. Where the testimony inadvertently or erroneously given
affects the verdict, a new trial should be granted. 6 Hill (N.
Y.) 505; 8 Ga. 136; 54 *Id.* 635; 54 Me. 256; 7 Mo. 546; 82
Iowa, 397.

*William F. Kirby,* Attorney General, *Daniel Taylor,* Assist-
ant, for appellee.

Appellant was guilty of negligence in not cross-examining
the witness Faucette, and in not moving for continuance for
surprise. It is too late to take advantage of his own negligence.
72 Ark. 140.

HILL, C. J. Robert Shropshire was convicted of gaming
in the Conway Circuit Court, and appealed. Henderson Con-
ner testified that he was a participant in a crap game near Mor-
rilton on the 30th day of June, 1906. W. H. Faucette testified
that the defendant Shropshire confessed to him that he had
played in a certain crap game, on account of which the officers
of the law were after him.

On the other hand, Tom Brown and Henry Johnson each
testified to facts that showed that the defendant was not a par-
ticipant in said game. The defendant himself denied being in
the game, and denied making the statement to Faucette. Con-

ner testified that George Shropshire, as well as Robert Shropshire, was in said game.

After conviction, the defendant filed a motion for new trial, and attached thereto an affidavit of witness Faucette, who stated that, when called as a witness, he thought that they were trying the case of State *v.* George Shropshire, and that when the question was asked him if the defendant Shropshire had made a confession to him he thought the reference was to George Shropshire, and he gave the testimony which he did. That subsequently he had learned that Robert, and not George, was on trial, and consequently his testimony had been incorrect, as Robert Shropshire had never made a confession to him, and that George Shropshire had made the confession, as testified by him, which he thought was called for by the question of the prosecuting attorney.

If the statements of the affidavit are true, and there is nothing to contradict them, the defendant had no opportunity whatever before his conviction of meeting this testimony other than to deny it, which he did. The evidence of Faucette was of gravest moment, and doubtless largely contributed to the conviction of the defendant. As seen, there was but one witness, besides Faucette, that sustained the State, while there were three against it. The showing made falls within the requirement of "important evidence" discovered by the defendant since verdict, which would entitle him to a new trial under the sixth subdivision of section 2422 of Kirby's Digest.

The explanation offered by Faucette in his affidavit is entirely reasonable and consistent with the facts of the case, and there is nothing shown in the record whatsoever which would in any way indicate any doubt of an honest mistake made by this witness. If any issue of fact had been made on it, or his affidavit had been in conflict with any of the established facts of the case, or had been made under circumstances throwing suspicion upon it, then the circuit judge should be sustained in disregarding it. What was said in *Vaughan* v. *State,* 57 Ark. 1, is equally applicable to the judge who tried this case and to the affidavit now under review:

"The only doubt that arises on this branch of the cause is whether there is not some mistake, omission or defect in the rec-

ord; for we know that the judge who tried the cause is careful, conscientious and capable. Facts and circumstances which do not appear of record, and which made the matter clear to his mind, were perhaps known to him; but there is no intimation of them in the record, and we can try the cause only upon the record as it exists. By the well established practice, acted upon in this court in many cases, the unimpeached affidavit made a *prima facie* case."

For the error in not granting a new trial, the judgment is reversed and the cause remanded for new trial.