DAVID M. GLOVER, Judge
Gary and Kristin Marks (jointly the "Markses") appeal from the trial court's discovery sanctions that struck their answer and granted default judgment in favor of Beckie Saville as guardian of the estate of Willa Dean Jackson. They raise three points of appeal: 1) this court should *3 reverse and remand the judgment appealed from and allow a trial; 2) this court should reverse and remand the denial of the motion to alter or amend, or alternatively motion for new trial, or judgment notwithstanding the verdict, and remand for trial; and 3) the trial court should have reopened the record in light of the appellants' affidavits to allow testimony. We affirm.
Trial Court Proceedings
On April 16, 2016, Beckie Saville, as guardian of the estate of Willa Dean Jackson, filed a complaint seeking to set aside a warranty deed to Gary Alan Marks and also to recover $32,500 from him. The complaint alleged that Gary exerted threats, duress, and undue influence against Willa Dean's attorney-in-fact (her sister Bobbie Jackson McGoughan) to acquire the warranty deed and the money. Beckie filed an amended complaint on May 24, 2016, when she learned Gary had married Kristin, and added Kristin as a party. On June 1, 2016, Beckie propounded discovery requests to the Markses. By July 13, 2016, the Markses had failed to respond to the discovery requests, and Beckie's counsel sent a good-faith letter to the Markses' counsel, asking that the responses be provided within seven days. Partial responses were provided, but in an attempt to obtain more complete responses, Beckie's counsel filed a second good-faith letter to opposing counsel on July 22, 2016. The July 22 letter reported that the responses were deficient, explained why, asked for complete discovery responses within ten days, and asserted that a failure to do so would result in Beckie is filing a motion to compel and a request for attorney's fees, costs, and other sanctions.
On August 17, 2016, Beckie's counsel filed a motion to compel discovery. In it, he set forth the above timeline of events and further explained that Beckie had also agreed to an additional request for an extension of time to August 10, 2016, submitted by email on July 28, 2016, but that as of August 16, 2016, the Markses had still failed to fully respond to the discovery requests, resulting in the August 17, 2016 motion to compel. Beckie's counsel sought an order compelling discovery, Rule 37 sanctions, attorney's fees, and costs. The trial court granted the motion and entered an order compelling discovery on September 19, 2016. The Markses were ordered to provide full and complete responses to Beckie's discovery requests by 5:00 p.m. on September 30, 2016. Before the order was entered, the Markses had provided supplemental responses on September 14, 2016. On September 16, 2016, Beckie's counsel prepared yet another good-faith letter advising the Markses that their responses were still deficient and that Beckie would file a motion to strike the Markses' answers and request judgment if they did not comply with the order compelling discovery by 5:00 p.m. on September 30, 2016. The Markses did not comply, and on October 6, 2016, Beckie filed a motion for sanctions. In it, she sought to have the Markses' answers struck and default judgment entered pursuant to Rule 37(b)(2) of the Arkansas Rules of Civil Procedure, along with a request for attorney's fees and costs.
On November 10, 2016, a hearing on the sanctions motion was held. Counsel for both parties were present but not the Markses themselves. Beckie's counsel recounted his efforts to obtain the requested discovery from the Markses, the court's order to compel, and the continued failure to provide complete discovery, along with similar failures to respond to discovery requests in the companion probate case before the same judge. At the trial court's request, Beckie's counsel also reviewed the specific interrogatories and requests for *4 production for which he had not received complete responses. Also at the trial court's request, he differentiated the discovery requests he felt the Markses were evading and those to which they were not fully responsive.
The trial court then turned to the Markses' counsel and asked if he was aware of any defenses that would counter or mitigate what "appeared to be an attempt to thwart the discovery process by the Markses." The Markses' counsel reported that he had spoken to them at length regarding the deficiencies in their discovery responses; that they had "flat out" refused to respond in any other way; that he had explained the consequences of their actions, "up to and including a default judgment"; and that they told him they did not care about the consequences because they did not intend to rehash their lives and did not feel the requests were relevant. Their counsel further stated he did not know of any defense for their actions, expressed his frustration that he had never had a client refuse to respond to even simple discovery requests, and stated that he could not make them budge. The trial court then questioned both counsel to satisfy itself that the discovery failures were caused by the Markses themselves and not their counsel. At the conclusion of the hearing, the trial court ruled from the bench that it was going to grant the requested relief.
On November 23, 2016, the Markses filed a verified motion for reconsideration, asserting that although their counsel had informed them "of the ramifications of not giving complete answers," they believed their responses were complete. They further stated that they "had not disclosed contact information for their witnesses for fear of retaliation to them"; they requested more time to get answers to Beckie "in a way that would ensure safety of the witnesses"; and asked the court to reinstate the pleadings and set aside the default judgment.
On November 29, 2016, the trial court entered an order granting the Markses' counsel's request to withdraw from representation of the Markses in this matter. The court also inserted a handwritten sentence in this order denying the Markses' motion for reconsideration. (On December 5, 2016, the trial court entered a separate order, explaining that the purpose of the order was "to note that as of November 29, 2016, Defendants' Motion for Reconsideration filed November 23, 2016 was denied.") On December 2, 2016, the trial court entered the written order and judgment that struck the answers, granted the default judgment, voided the warranty deed, directed the Markses to vacate the premises, and awarded $32,500 to the guardianship estate, as well as $3,266.57 in attorney's fees and costs.
On December 9, 2016, the Markses filed a notice of appeal from the December 2, 2016 order and judgment. Additional post-trial motions were filed on December 9, 2016, in the form of a motion to alter or amend, or alternatively for new trial or JNOV, and a motion to set aside default judgment. Also on December 9, 2016, a motion to stay was filed. On December 22, 2016, the Markses filed a motion to reopen the record. On January 18, 2017, the trial court entered an order specifically denying the motions filed on December 9 (at least one of which was deemed denied as of January 9, 2016), and also denying the December 22 motion. The first amended notice of appeal was filed on January 13, 2017, and the second amended notice of appeal was filed on January 25, 2017.
Finality
We begin our discussion by clarifying that this appeal is from a final judgment.
*5 It is not an interlocutory appeal as categorized by the Markses. While our rules of appellate procedure allow for interlocutory appeals from orders that strike an answer or any part of an answer, Ark. R. App. P.-Civil 2(a)(4), that is not the situation presented here. In this case, the trial court struck the Markses' answers but also entered a default judgment that addressed all matters raised in the complaint, including the award of $32,500 in damages, without first holding a hearing to address the damages issue. The Markses do not challenge the fact that the trial court included damages in the default judgment without first conducting a hearing. The default judgment is therefore a final and appealable judgment, and this is not an interlocutory appeal.
Discussion
The Markses' three points of appeal are all interrelated, but we will address them separately as presented in the briefs. When the issues involve the trial court's imposition of discovery sanctions, we review them under an abuse-of-discretion standard because the imposition of discovery sanctions lies within the trial court's discretion. Ross Sys., Inc. v. Advanced Envtl. Recycling Tech., Inc. , 2011 Ark. 473, 2011 WL 5437571. Where the Markses argue errors of law, we review the issues de novo, recognizing that an error of law in and of itself can also constitute an abuse of discretion. O'Dell v. Peck , 2017 Ark. App. 532, 2017 WL 4663919. A trial court commits an abuse of discretion when it improvidently exercises its discretion, as when it is exercised thoughtlessly and without due consideration. Ross Sys., Inc. , supra. If a party fails to obey an order to provide or permit discovery, under Ark. R. Civ. P. 37(b)(2) the trial court "may make such orders in regard to the failure as are just," including an order "rendering a judgment by default against the disobedient party." Our appellate courts have repeatedly upheld the trial court's exercise of discretion in fashioning severe sanctions for flagrant discovery violations, including dismissal. Ross Sys., Inc. , supra (citing Calandro v. Parkerson , 333 Ark. 603, 970 S.W.2d 796 (1998) ); National Front Page, LLC v. State , 350 Ark. 286, 86 S.W.3d 848 (2002). There is no requirement under Rule 37, or any of our rules of civil procedure, that the trial court make a finding of willful or deliberate disregard before sanctions may be imposed for the failure to comply with the discovery requirements, and incomplete responses are treated as a failure to respond. Ross Sys., Inc. , supra ; see also Ark. R. Civ. P. 37(a)(3). Moreover, a trial court is not required to hold a hearing before imposing sanctions, Burton v. Sparler , 272 Ark. 254, 613 S.W.2d 394 (1981). The finality or severity of the sanctions imposed by the trial court is of no consequence because Rule 37 specifically provides for dismissal of the action in the case of a flagrant failure to comply with discovery. National Front Page, LLC, supra. Rule 37(d) of the Arkansas Rules of Civil Procedure authorizes a trial court to impose sanctions, including default judgment, for noncompliance with the rules of discovery without first issuing an order compelling discovery. Id. ; see also Lake Village Healthcare Ctr., LLC v. Hatchett , 2012 Ark. 223, 407 S.W.3d 521.
I. Sanctions
For their first point of appeal, the Markses acknowledge that Rule 37 allows a trial court to employ a variety of sanctions when discovery violations have been committed, including striking pleadings and rendering default judgments. They specifically contend, however, that in exercising the discretion to utilize such sanctions a trial court should ask whether the party had actual knowledge of the order;
*6 should consider the range of sanctions and carefully analyze them, reopening the record and considering conflicting testimony when applicable; and should consider other, less drastic, avenues. They argue that their affidavits demonstrate they were not disobedient regarding discovery and that the judgment should therefore be reversed and remanded for an evidentiary hearing where they can testify and present evidence about the discovery issue before sanctions are determined. We find no abuse of discretion.
Here, the trial court was confronted with a series of efforts by Beckie's counsel to obtain discovery pursuant to our rules of civil procedure, including discovery requests, good-faith letters, extensions of time to respond, and the court's own entry of an order compelling discovery-none of which had been successful in obtaining complete discovery responses. During the course of the hearing, the trial court questioned Beckie's counsel extensively about the specific discovery requests, asking which ones he considered to be incomplete and which ones he considered to be evasive. The court reviewed the discovery history in the present case and in the companion probate case. In considering appropriate sanctions, the trial court conveyed its awareness of the seriousness of striking an answer and granting a default judgment. The court then asked counsel for the Markses if he was aware of any defense for the Markses' failure to comply with appropriate discovery, and counsel candidly reported that he did not. Counsel also expressed his own frustration with the situation and reported that the Markses "flat out" refused to provide any more responses to the discovery requests. We conclude that the trial court did not act improvidently or without thoughtful consideration, and although the sanctions were harsh, we find no abuse of discretion in the trial court's decision to impose them.
All of the Markses' points of appeal focus to some degree on affidavits they submitted with a post-hearing motion following entry of the default judgment. Accordingly, we address the affidavits within this first point of appeal. The Markses submitted the affidavits in an effort to counter their attorney's statements at the sanctions hearing. They acknowledge it is problematic to submit affidavits after the trial court had ruled on their discovery violations. We agree. The Markses have not convinced us that it would be appropriate for us to consider the affidavits under the circumstances presented here, and the cases they rely upon do not help their cause. See , e.g. , Young v. Barbera , 366 Ark. 120, 233 S.W.3d 651 (2006) (not allowing chiropractor's affidavit to challenge damage award); Shropshire v. State , 86 Ark. 481, 111 S.W. 470 (1908) (allowing affidavit that qualified as important evidence discovered by defendant after verdict); Dolan v. State , 40 Ark. 454, 1883 WL 1170 (1883) (allowing affidavits asserting jurors were drinking during trial). In Young , the affidavits were not allowed, and even though the affidavits were allowed in Dolan and Shropshire , the circumstances are not comparable. Moreover, even though the Markses were not present at the sanctions hearing, their counsel was present, and the trial court was justified in presuming that counsel was authorized to act for them. See Riley v. Vest , 235 Ark. 192, 357 S.W.2d 497 (1962). An attorney's acts of omission and commission are regarded as the acts of the client. White v. White , 50 Ark. App. 240, 905 S.W.2d 485 (1995). Moreover, the Markses' subsequent November 23, 2016 motion for reconsideration was verified and stated in part that their former counsel had advised them of *7 the ramifications of not giving complete answers.
II. Multi-Faceted Motion
For their second point of appeal, the Markses contend we should reverse and remand the denial of their "motion to alter or amend, or alternatively motion for new trial, or judgment notwithstanding the verdict," and remand for trial. The motion and accompanying brief were not models of clarity, but generally they 1) claimed a lack of notice regarding the November 10 sanctions hearing; 2) contended their affidavits countered their attorney's report of events; 3) generally alleged mistake, inadvertence, surprise, and excusable neglect; 4) claimed no willful violation of discovery rules; and 5) asserted irregularity in the proceedings because they were not physically present. We find no error in the denial of this multi-faceted motion.
The Markses acknowledge at the outset of this argument that their post-hearing motion was based on specific procedural rules, and they particularly reference Rules 50(b), 59, and 55(c) of the Arkansas Rules of Civil Procedure. They then attempt to recharacterize the motion as one that, in substance, was based on Ark. R. Civ. P. 60(a)"to prevent the miscarriage of justice." Rather than specifically addressing Rules 50(b), 59, and 55(c) and explaining how the trial court erred, they return to a discussion of their affidavits, quoting them at length and designating them as proffered evidence to support their motion for new trial and to reopen the record. They also rely upon what they "anticipate" will be demonstrated upon remand and a hearing, i.e., that their "initial thoughts to discovery were never intended to be 'cut and pasted' into a responsive pleading" and that their notary signatures "were not contemporaneous with these pleadings."
We have previously explained why we will not consider the Markses' affidavits in this appeal, and their "anticipated" evidence upon remand and a hearing fails to demonstrate how the trial court erred in denying their motion under Rules 50(b), 59, and 55(c). For the reasons previously discussed, the Markses' absence from the November 10 hearing was not such an irregularity in the proceedings as to prevent to support them from having a fair "trial." They were represented by counsel, and he was present at the hearing even though they were not. His acts may be regarded as the acts of his clients. White , 50 Ark. App. 240, 905 S.W.2d 485.
We note that the Markses quote Rule 52(b) as part of their second point of appeal, but their argument in reliance upon it is unclear. In addition, to the extent they now attempt to recast their post-hearing motion as one made pursuant to Ark. R. Civ. P. 60(a), we are not convinced. As they acknowledge in their brief, the motion they filed with the trial court specifically enumerated and relied upon Rules 50(b), 59, and 55(c). They urge, however, that the substance of their post-hearing motion demonstrates it was, in effect, based on Rule 60(a) in an effort to "prevent the miscarriage of justice." We disagree, but even if we did not, for all of the reasons previously discussed, the Markses have not demonstrated an abuse of discretion by the trial court in imposing the sanctions it did, and neither have they demonstrated error in the trial court's denial of their post-hearing "motion to alter or amend, or alternatively motion for new trial, or judgment notwithstanding the verdict."
III. Reopening the Record
For their final point of appeal, the Markses contend that the trial court should have reopened the record in light of *8 their affidavits to allow testimony. We disagree.
The default judgment in this case was entered on December 2, 2016. The Markses filed their motion to reopen the record on December 22, 2016, relying again upon the affidavits they filed with their post-hearing motion previously discussed under Point II. We have already discussed why we are not persuaded to consider the affidavits. Moreover, the motion to reopen merely stated that it was pursued under the Arkansas Rules of Civil Procedure and the inherent authority of the court. No specific procedural rule was referenced in either the motion or the accompanying brief. In addition, the cases relied upon by the Markses in their brief to our court involve situations, generally, in which the parties sought to reopen the record after one or both parties had rested but before judgment had been entered or verdicts returned. See , e.g. , Lagios v. Goldman , 2016 Ark. 59, 483 S.W.3d 810 ; Sanders v. State , 310 Ark. 510, 838 S.W.2d 359 (1992) ; H&M Realty Co. v. Union Mechling Corp. , 268 Ark. 592, 595 S.W.2d 232 (1980) ; Midwest Lime Co. v. Independence Cty. Chancery Court , 261 Ark. 695, 551 S.W.2d 537 (1977) ; Pulaski Cty. v. Horton , 224 Ark. 864, 276 S.W.2d 706 (1955). These cases cited by the Markses are distinguishable from the situation presented here because the motion to reopen in the instant case was filed after the trial court had entered the default judgment. Even if they could not be distinguished, however, these same cases make clear that a decision to reopen the record and take additional evidence lies in the trial court's considerable discretion. Still further, and as mentioned previously, the Markses cited no particular procedural rule in asking the trial court to reopen the record, and we can think of no procedural rule that allows for the reopening of the record that does not also rely upon the trial court's exercise of discretion. See , e.g. , Ark. R. Civ. P. 59(a) ("On a motion for a new trial in an action tried without a jury, the court may open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new findings and conclusions, and direct the entry of a new judgment." (Emphasis added.)). We find no abuse of discretion in the trial court's denial of the motion to reopen the record in this case.
Affirmed.
Harrison and Vaught, JJ., agree.