Cite as 2021 Ark. App. 142

# ARKANSAS COURT OF APPEALS
DIVISION IV
**No.** CR-20-153

| | | |
|---|---|---|
| ISAAC STRONG | | **Opinion Delivered:** March 31, 2021 |
| | APPELLANT | |
| | | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, FIFTH DIVISION |
| V. | | [NO. 60CR-17-1426] |
| | | |
| STATE OF ARKANSAS | | HONORABLE WENDELL GRIFFEN, JUDGE |
| | APPELLEE | |
| | | AFFIRMED |

## PHILLIP T. WHITEAKER, Judge

Appellant Isaac Strong was convicted by a Pulaski County jury of residential burglary, theft of property, and fleeing. Strong waived his right to be sentenced by the jury, and the Pulaski County Circuit Court sentenced him to thirty years in the Arkansas Department of Correction. On appeal, Strong does not challenge the sufficiency of the evidence supporting his convictions. Instead, he argues that the circuit court erred in finding that he was eligible to be sentenced as a "three striker" pursuant to Arkansas Code Annotated section 5-4-501(d)(1) (Supp. 2019) because of his prior convictions for burglary in Texas. We find no error and affirm.

We begin by setting out the relevant Arkansas statutory provisions governing the sentencing of habitual offenders pursuant to Arkansas Code Annotated section 5-4-501. For purposes of this opinion, this statute contains four relevant sections. Section 5-4-501(d)(1)

provides that a defendant who has been convicted of a felony involving violence and who previously has been convicted of two or more felonies involving violence shall be sentenced to an extended term of imprisonment without eligibility for parole or community correction. Section 5-4-501(d)(2)(A)(xi) designates residential burglary as a felony involving violence, and section 5-4-501(d)(2)(B) permits designation of a "conviction of a comparable felony involving violence from another jurisdiction" as a felony involving violence. Finally, section 5-4-501(d)(3)(B) gives the circuit court at the time of sentencing discretion to determine whether a felony conviction from another jurisdiction is comparable to an enumerated felony involving violence under Arkansas criminal law. Accordingly, our standard of review is whether the circuit court abused its discretion in determining that Strong's Texas burglary convictions are comparable to Arkansas's residential-burglary statute.

In 2018, the State of Arkansas charged Strong with one count each of residential burglary, theft of property, fleeing, and first-degree criminal mischief. The State additionally sought a so-called "three strikes" enhancement under Arkansas Code Annotated section 5-4-501(d). The State alleged that in July 2006, Strong pled guilty to two separate counts of burglary of a habitation in Dallas County, Texas, and that these convictions were felonies involving violence.[1]

_____

[1]The State also sought a "large habitual" enhancement under section 5-4-501(b) because Strong had been previously convicted of more than four felonies.

2

Before trial, Strong moved in limine to prohibit the State from using his prior burglary convictions from Texas as proof that he had two or more prior felony convictions involving violence. In his motion, Strong argued that the Texas burglary statute was not sufficiently comparable to Arkansas's residential-burglary statute so as to constitute a felony involving violence under section 5-4-501(d)(2)(B). The circuit court denied his motion, and the matter proceeded to a jury trial.

After the jury convicted Strong of residential burglary, theft of property, and fleeing,[2] he waived his right to be sentenced by the jury and elected to be sentenced by the court. During sentencing, the State introduced copies of Strong's Texas convictions, and the circuit court sentenced him as a three-strike violent felon to thirty years in the Arkansas Department of Correction. Strong filed a timely notice of appeal, and he now argues that the circuit court erred in finding that his two prior felony convictions from Texas were felonies involving violence that made him eligible for the enhanced sentencing provisions of section 5-4-501(d).

Because our analysis necessarily requires a comparison of the Arkansas and Texas burglary statutes, we set forth both of them below. The Arkansas burglary statute is titled "Residential and Commercial Burglary." Under Arkansas law, a person commits residential burglary if he or she enters or remains unlawfully in a residential occupiable structure of another person with the purpose of committing in the residential occupiable structure any offense punishable by imprisonment. Ark. Code Ann. § 5-39-201(a)(1) (Repl. 2013). A

---

[2]The State nolle prossed the first-degree criminal–mischief charge.

3

"residential occupiable structure" means "a vehicle, building, or other structure: (i) [i]n which any person lives; or (ii) [t]hat is customarily used for overnight accommodation of a person whether or not a person is actually present." Ark. Code Ann. § 5-39-101(8)(A) (Supp. 2019). Residential burglary is codified as a Class B felony. Ark. Code Ann. § 5-39-201(a)(2).

Under Arkansas law, a person commits commercial burglary if he or she enters or remains unlawfully in a commercial occupiable structure of another person with the purpose of committing in the commercial occupiable structure any offense punishable by imprisonment. Ark. Code Ann. § 5-39-201(b)(1). A "commercial occupiable structure" is defined as "a vehicle, building, or other structure in which: (A) [a]ny person carries on a business or other calling; or (B) [p]eople assemble for a purpose of business, government, education, religion, entertainment, or public transportation[.]" Ark. Code Ann. § 5-39-101(2). Commercial burglary is codified as a Class C felony. Ark. Code Ann. § 5-39-201(b)(2).

We now turn in more detail to the relevant Texas statute. Strong entered guilty pleas under Texas Penal Code Annotated section 30.02 (West 2003), a Texas statute titled "Burglary," which provides in relevant part as follows:

(a) A person commits an offense if, without the effective consent of the owner, the person:

(1) enters a habitation, or a building (or any portion of a building) not then open to the public, with intent to commit a felony, theft, or an assault; or

(2) remains concealed, with intent to commit a felony, theft, or an assault, in a building or habitation; or

4

(3) enters a building or habitation and commits or attempts to commit a felony, theft, or an assault.

. . . .

(c) Except as provided in Subsection (c-1) or (d), an offense under this section is a:

(1) state jail felony if committed in a building other than a habitation; or

(2) felony of the second degree if committed in a habitation.

. . . .

(d) An offense under this section is a felony of the first degree if:

(1) the premises are a habitation; and

(2) any party to the offense entered the habitation with intent to commit a felony other than felony theft or committed or attempted to commit a felony other than felony theft.

"Habitation" is defined in Texas Penal Code Annotated section 30.01(1) as "a structure or vehicle that is adapted for the overnight accommodation of persons." "Building" is defined as "any enclosed structure intended for use or occupation as a habitation or for some purpose of trade, manufacture, ornament, or use." Tex. Penal Code Ann. § 30.01(2).

Below, Strong asked the circuit court to determine that the Texas burglary statute was not sufficiently comparable to the Arkansas burglary statute for purposes of determining whether he had committed two or more felonies involving violence. The circuit court rejected Strong's argument, reasoning as follows:

[T]he Texas statute of burglary of a habitation as set forth in VCTA penal code section 30.01, subsection 1, which defines habitation to mean a structure or vehicle that is adapted for the overnight accommodation of persons, and the VCTA penal code section .02 provides that a person commits the offense of burglary of a habitation if the person without the effective consent of the owner enters a habitation

or a building or any portion of a building not then open to the public with intent to commit a felony, theft, or an assault.

And the court concludes it is comparable to the Arkansas statute for residential burglary, which is defined as unlawful entry into an occupiable structure for the purpose of committing in the occupiable structure any offense punishable by imprisonment.

The court notes that in Arkansas residential burglary is a Class B felony. In Texas, burglary [of a] habitation is a . . . felony of the first degree if the premises are a habitation, and that, the court concludes, makes the two statutes comparable.

On appeal, Strong argues that the two statutory definitions of burglary are not comparable because the Texas burglary statute "has a broader ambit" than Arkansas's definition of residential burglary. He contends that Texas's statutory definition of burglary comprises conduct that in Arkansas would be either residential burglary or commercial burglary; therefore, because commercial burglary is not a felony involving violence for purposes of section 5-4-501(d)(2)(A), the statutes are not sufficiently comparable.

The State responds that the statutes are, in fact, comparable because a "habitation" in Texas is the equivalent of a "residential occupiable structure" in Arkansas, and both the Texas and Arkansas statutes require a person to enter or remain in such a place with the intent to commit either an offense punishable by imprisonment (in Arkansas) or a felony (in Texas). The State further notes that in both Arkansas and Texas, the burglary of a place that is a residential occupiable structure or a habitation is a more serious criminal offense than the burglary of a place that is not a residence or habitation.

Our review of the matter is limited to whether the circuit court abused its discretion in finding the Texas burglary statute comparable to the Arkansas burglary statute. A court commits an abuse of discretion when it acts thoughtlessly, improvidently, or without due

6

consideration. *Jefferson Hosp. Ass'n v. Davis*, 2020 Ark. App. 562, at 10, 615 S.W.3d 400, 406. In addition, if a circuit court commits an error of law, that, in and of itself, can also constitute an abuse of discretion. *Marks v. Saville*, 2017 Ark. App. 668, at 6, 550 S.W.3d 1, 5.

Our research of Arkansas caselaw has revealed no case specifically describing or defining what makes a statute from a foreign jurisdiction "comparable" to an Arkansas statute for purposes of our habitual-offender-sentencing statute.[3] The *Oxford English Dictionary*, however, defines "comparable" as meaning "able to be compared, capable of comparison." *OED Online*, Oxford University Press, March 2021 (accessed Mar. 29, 2021). Similarly, *Merriam-Webster* defines it as meaning "capable of or suitable for comparison" or as having an "identity of features." *Merriam Webster's Collegiate Dictionary* (10th ed.). The circuit court here essentially placed the Arkansas statute side by side with the Texas statute and determined that the two are of such similarity in their definitions and prohibited conduct that they are "comparable" under section 5-4-501(d)(2)(B). In so doing, the circuit court did not act thoughtlessly, improvidently, or without due consideration. We cannot conclude that the court's analysis constituted an abuse of discretion, and we therefore affirm.

Affirmed.

---

[3]We note that other jurisdictions have adopted different approaches for analyzing the comparability of statutes. *See, e.g.*, *Sambou v. State*, 854 S.E.2d 392, 400 (Ga. Ct. App. Feb. 16, 2021); *State v. Cribbs*, 10 Wash. App. 2d 1030 (2019) (unpublished). Neither Strong nor the State, however, has expressly asked this court to adopt any particular standard or approach for determining whether the Arkansas burglary statute and the Texas burglary statute are sufficiently comparable, and we decline to do so at this juncture.

VIRDEN and GLADWIN, JJ., agree.

*William R. Simpson, Jr.*, Public Defender, by: *Clint Miller*, Deputy Public Defender, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Jason Michael Johnson*, Ass't Att'y Gen., for appellee.