

# Fourth Court of Appeals
## San Antonio, Texas

## OPINION

No. 04-20-00345-CV

**KB HOME LONE STAR INC.**,
Appellant

v.

Charles **GORDON** & Cynthia Gordon,
Appellees

From the 407th Judicial District Court, Bexar County, Texas
Trial Court No. 2019-CI-21178
Honorable Laura Salinas, Judge Presiding

Opinion by:    Luz Elena D. Chapa, Justice

Sitting:    Luz Elena D. Chapa, Justice
Irene Rios, Justice
Liza A. Rodriguez, Justice

Delivered and Filed: May 5, 2021

REVERSED AND REMANDED

In this appeal, Appellant KB Home Lone Star Inc. ("KB Home") challenges the denial, by operation of law, of its motion to dismiss under the Texas Citizens Participation Act (TCPA). *See* TEX. CIV. PRAC. & REM. CODE § 27.003. KB Home argues the motion for sanctions by Appellees, the Gordons, is a legal action filed in response to KB Home's exercise of its right to petition. We hold a motion for sanctions seeking $5,000 is a legal action as defined in the TCPA. *See id.* § 27.001(6). Because the Gordons did not establish by clear and specific evidence a prima facie

case for each essential element of their motion for sanctions, we reverse the denial of KB Home's motion to dismiss.

## BACKGROUND

In July 2018, the Gordons entered into a home purchase agreement with KB Home for the purchase of a property. Pursuant to section 4 of the purchase agreement, the Gordons paid a total of $2,685 into escrow as earnest money, which they agreed "is not refundable unless Purchaser is not approved for a Loan after making a timely Loan Application in good faith as provided herein below and this Agreement is terminated." Section 12 of the purchase agreement provided that, with the exception of warranty, construction defect, and repair claims, "ANY AND ALL CLAIMS, DEMANDS, DISPUTES, CONTROVERSIES AND DIFFERENCES THAT MAY ARISE BETWEEN THE PARTIES OF WHATEVER NATURE OR KIND…SHALL BE SUBMITTED TO BINDING ARBITRATION."

The Gordons applied for a loan with KB Home Loans LLC ("Loans").[1] In February 2019, Loans informed the Gordons they would not be approved for the loan. The Gordons allege they were advised their loan would be approved if Mrs. Gordon's parents were co-signers, but they did not understand her parents would then be considered co-borrowers, rather than guarantors. After Loans approved the loan application with Mrs. Gordon's parents as co-signers and allegedly disclosed Mr. Gordon's credit report to Mrs. Gordon's parents, the Gordons refused to proceed or sign any additional documents, and the parties did not complete the home sale. The Gordons' escrow deposit was not returned.

On October 8, 2019, the Gordons filed suit for violations of the Deceptive Trade Practices Act, common law fraud, and breach of contract. KB Home answered and moved to compel

---

[1] KB Home Loans LLC is defendant in the trial court but is not a party to this appeal.

arbitration. The Gordons responded to the motion to compel arbitration by moving for a declaration that "the arbitration agreement and clause [is] either unenforceable or unconscionable" if the court "finds that there is a binding arbitration clause in the contract," and separately moving for $5,000 sanctions against KB Home.[2]

Pursuant to the TCPA, KB Home moved to dismiss the Gordons' request for sanctions. The Gordons responded to the motion to dismiss and moved to strike it. The trial court held a hearing on the TCPA motion to dismiss, and the motion was later denied by operation of law. TEX. CIV. PRAC. & REM. CODE §§ 27.005(a), 27.008(a).[3]

KB Home timely appealed the denial of its motion to dismiss. KB Home argues the court erred in denying its TCPA motion to dismiss because the Gordons' motion for sanctions is a legal action filed in response to KB Home's exercise of its right to petition by filing the motion to compel arbitration. KB Home further argues the Gordons did not carry their burden of establishing by clear and specific evidence each element of their motion for sanctions. The Gordons contend the motion for sanctions is not a legal action, and the lawsuit is exempt from a TCPA motion to dismiss because of the Gordons' DTPA claim. The Gordons further request this court award them appellate sanctions under Rule 45.

---

[2] Contrary to KB Home's contention that the motion for sanctions included the request for declaratory relief, the Gordons' filing in response to KB Home's motion to compel arbitration included a conditional motion for declaratory relief separate and apart from their motion for $5,000 in sanctions.

[3] The record does not contain an order on either the TCPA motion or on the Gordons' motion for sanctions. Citing the Judge's Notes, the Gordons assert in their brief that the trial court awarded them attorney's fees of $3,500. However, judge's notes do not constitute a judgment, decision, or order, and the Gordons identify no other basis to conclude the court awarded them attorney's fees. *See Lares v. Muñiz*, 04-20-00047-CV, 2020 WL 2441423, at *1 (Tex. App.—San Antonio May 13, 2020, no pet.) (mem. op.).

**STANDARD OF REVIEW AND APPLICABLE LAW**

We review a trial court's denial of a TCPA motion to dismiss *de novo. Escondido Res. II, LLC v. Las Tinajas Minerals, Ltd.*, No. 04-20-00132-CV, 2020 WL 7753986, at *1 (Tex. App.—San Antonio Dec. 30, 2020, no pet.) (mem. op.).

**A. The 2019 Amendments to the TCPA and Its Burden-Shifting Framework**

First passed in 2011, the TCPA's purpose "is to encourage and safeguard the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government to the maximum extent permitted by law and, at the same time, protect the rights of a person to file meritorious lawsuits for demonstrable injury." TEX. CIV. PRAC. & REM. CODE § 27.002. The TCPA provides a movant with the right to file a motion to dismiss a legal action if the legal action is based on or is in response to the movant's "exercise of the right of free speech, right to petition, or right of association." *Id.* § 27.003(a).

The legislature has amended the TCPA, more than once, with the latest amendments to the statute in 2019. *See* Act of May 17, 2019, 86th Leg., R.S., ch. 378, 2019 Tex. Sess. Law Serv. 684 (codified at TEX. CIV. PRAC. & REM. CODE §§ 27.001, .003, .005–.007, .0075, .009–.010). Among the 2019 amendments to the TCPA is a change to the first step of the statute's three-part burden-shifting framework. The first step formerly required the movant "show *by a preponderance of the evidence* that the nonmovant's 'legal action is based on, relates to, or is in response to [the movant's] exercise of the right of free speech, right to petition, or right of association' as those rights are defined by the TCPA." *Segundo Navarro Drilling, Ltd. v. San Roman Ranch Mineral Partners, Ltd.*, 612 S.W.3d 489, 492–93 (Tex. App.—San Antonio 2020, pet. denied) (emphasis added) (citing § 27.005(b)). In actions filed on or after September 1, 2019, the movant is required to "demonstrate" the legal action is based on or is in response to the movant's exercise of one of

the rights set forth in section 27.005(b), including, as relevant here, the right to petition. TEX. CIV. PRAC. & REM. CODE § 27.005(b)(1)(B).

If the movant is successful in demonstrating the legal action is in response to its exercise of the right to petition, the TCPA applies and the burden shifts to the nonmovant to "establish[] by clear and specific evidence a prima facie case for each essential element of the claim in question." *Id.* § 27.005(c). If the nonmovant carries that burden, the movant can show it is entitled to dismissal if it "establishes an affirmative defense or other grounds on which the moving party is entitled to judgment as a matter of law." *Id.* § 27.005(d).[4] We construe the TCPA "liberally to effectuate its purpose and intent fully." *Id.* § 27.011(b).

## DISCUSSION

### A. TCPA Applicability

1. <u>Is the Motion for Sanctions a Legal Action Based on or in Response to the Exercise of the Right to Petition?</u>

The parties dispute whether the motion for sanctions is a "legal action" filed in response to KB Home's "exercise of its right to petition." We construe the language of the TCPA *de novo. Youngkin v. Hines*, 546 S.W.3d 675, 680 (Tex. 2018). In construing a statute, our objective is to determine and give effect to the legislature's intent as expressed by the language of the statute. *Segundo Navarro Drilling, Ltd. v. San Roman Ranch Mineral Partners, Ltd.*, 612 S.W.3d 489, 492 (Tex. App.—San Antonio 2020, pet. denied). "When a statute does not define a key term, we give that term its 'common, ordinary meaning unless a contrary meaning is apparent from the statute's language.' To determine a word's common, ordinary meaning, we look first to its dictionary definitions." *Id.* (quoting *Tex. State Bd. of Exam'rs of Marriage & Family Therapists v. Tex. Med. Ass'n*, 511 S.W.3d 28, 34–35 (Tex. 2017)). "[I]f an undefined term has multiple common

---

[4] Like the first step, this step was also amended in 2019 to eliminate the "preponderance of the evidence" standard.

meanings, it is not necessarily ambiguous; rather, we will apply the definition most consistent with the context of the statutory scheme." *Thompson v. Tex. Dep't of Licensing & Regulation*, 455 S.W.3d 569, 571 (Tex. 2014).

The Gordons concede they filed the motion for sanctions in response to KB Home's motion to compel arbitration. We are therefore left to decide whether KB Home's filing of the motion to compel arbitration was an exercise of its right to petition. The TCPA defines the "exercise of the right to petition" as, among other things, "a communication in or pertaining to: a judicial proceeding." TEX. CIV. PRAC. & REM. CODE § 27.001(4)(A)(i). A "communication" includes "the making or submitting of a statement or document in any form or medium, including oral, visual, written, audiovisual, or electronic." *Id.* § 27.001(1). By "[s]ubstituting the statutory definitions for the defined terms," an exercise of the right to petition includes a party submitting a document in or pertaining to a judicial proceeding. *Beene v. Henneke*, No. 04-19-00373-CV, 2020 WL 1159042, at *3 (Tex. App.—San Antonio Mar. 11, 2020, no pet.) (mem. op.) (quoting *Youngkin*, 546 S.W.3d at 680)). Here, KB Home filed the motion to compel arbitration in the lawsuit filed by the Gordons. We therefore hold KB Home's filing of the motion to compel arbitration was an exercise of its right to petition.

KB Home contends the Gordons' motion for sanctions is a "legal action" as defined in the TCPA because the Gordons' motion seeks legal relief in the form of $5,000 in monetary sanctions.[5] KB Home further contends the 2018 decision in *Hawxhurst v. Austin's Boat Tours* supports its argument and contends the 2019 amendments codified *Hawxhurst*. *See* 550 S.W.3d

---

[5] We disagree with KB Home's contention that the Gordons' motion for sanctions also included a request for declaratory relief. In their substantive response to the motion to compel arbitration, the Gordons asked the trial court to declare the arbitration clause unconscionable and unenforceable; however, that request was separate from their motion for sanctions.

220, 224-27 (Tex. App.—Austin 2018, no pet.). The Gordons argue the motion for sanctions is a "procedural motion" that is excluded from the definition of "legal action" in the TCPA.

Under the TCPA, a "legal action" is defined as "a lawsuit, cause of action, petition, complaint, cross-claim, or counterclaim or any other judicial pleading or filing that requests legal, declaratory, or equitable relief." TEX. CIV. PRAC. & REM. CODE § 27.001(6). The 2019 Amendments to the TCPA added three exclusions to the definition: (1) procedural actions or motions that do not amend or add a claim for legal, equitable, or declaratory relief; (2) alternative dispute resolution proceedings; and (3) post-judgment enforcement actions. *Id.* § 27.001(6)(A)-(C).

Taken together, "[i]t would be difficult to write a more capacious definition." *State ex rel. Best v. Harper*, 562 S.W.3d 1, 12 (Tex. 2018). A "pleading or filing" is not defined in the statute, but a "pleading" is "[a] formal document in which a party to a legal proceeding (esp. a civil lawsuit) sets forth or responds to allegations, claims, denials, or defenses." *Pleading*, BLACK'S LAW DICTIONARY (11th ed. 2019) *available at* Westlaw. The inclusion of "pleading" within the definition of legal action is contrary to the Gordons' contention that "a pleading within a lawsuit" is not a legal action. A "filing" is "[t]he act or an instance of submitting or lodging a document with a court clerk or record custodian" or "[a] particular document (such as a pleading) in the file of a court clerk or record custodian." *Filing*, BLACK'S LAW DICTIONARY (11th ed. 2019) *available at* Westlaw.

"Legal relief" is not defined in the statute, but the definition of "remedy" identifies monetary damages as a "legal remedy." *See Remedy*, BLACK'S LAW DICTIONARY (11th ed. 2019), *available at* Westlaw (describing "equitable remedy" as usually "a nonmonetary one such as an injunction or specific performance, obtained when available *legal remedies*, usu. *monetary damages*, cannot adequately redress the injury." (emphasis added)); *see also Hawxhurst*, 550

S.W.3d at 226 (citing Black's Law Dictionary for same definition and holding whether construing sanctions pleading as counterclaim or motion for sanctions, request for sanctions "falls within the statutory definition as a 'judicial pleading or filing that requests legal or equitable relief'"). In *Hawxhurst*, Gerald Hawxhurst sued Austin's Boat Tours, among others, in connection with a Lake Travis incident. 550 S.W.3d at 223. Austin's Boat Tours counterclaimed for sanctions pursuant to Chapter 9 of the Civil Practice and Remedies Code, alleging Hawxhurst filed frivolous pleadings. *Id.* at 224. Hawxhurst moved to dismiss the sanctions counterclaim under the TCPA, alleging defendants filed it in response to Hawxhurst's exercise of his right to petition. *Id.* The trial court denied Hawxhurst's motion to dismiss. *Id.* On appeal, the majority applied the pre-2019 Amendments definition of "legal action," which included a "counterclaim or any other judicial pleading or filing that requests legal or equitable relief," and held whether construed as a counterclaim or a motion for sanctions, Austin's Boat Tours's sanctions request is a legal action because it "falls within the statutory definition as a 'judicial pleading or filing that requests legal or equitable relief' from Hawxhurst's alleged sanctionable conduct." *Id.* at 226.

The term "procedural actions or motions" is not defined in the TCPA. However, the "procedural actions or motions" that are excluded from the definition of "legal action" are only those that do not "amend or add claims for legal, equitable, or declaratory relief." *Id.* § 27.001(6)(A). Accordingly, the Gordons' reading of the statute as excluding all procedural motions is erroneous.[6] Thus, a judicial filing that requests monetary relief, other than a filing in an alternative dispute resolution proceeding or a post-judgment enforcement action, is a "legal action" within the meaning of section 27.001(6). Here, the Gordons filed a motion for sanctions for $5,000

---

[6] A plain reading of the statute further establishes a motion for sanctions filed during a lawsuit is not an alternative dispute resolution proceeding or a post-judgment enforcement action.

in monetary damages. We therefore hold the Gordons' motion for sanctions is a legal action pursuant to § 27.001(6) of the TCPA.

A few of our sister courts have reached a different conclusion, but those cases are distinguishable. *See Patel v. Patel*, No. 14-18-00771-CV, 2020 WL 2120313, at *4-8 (Tex. App.—Houston [14th Dist.] May 5, 2020, no pet.) (mem. op.); *Barnes v. Kinser*, 600 S.W.3d 506, 511 (Tex. App.—Dallas 2020, pet. denied). In both *Patel*, a dispute involving defamation and funds of a non-profit foundation, and *Barnes*, a dispute related to legal malpractice in divorce proceedings, the courts held the definition of "legal action" is limited to "substantive" causes of action and rights of relief and concluded a motion for sanctions did not fall in either category. *See Patel*, 2020 WL 2120313, at *4-6; *Barnes*, 600 S.W.3d at 509-10. The 2019 Amendments clarified the limits of the definition of "legal action" by adding the specific list of exclusions noted above, none of which include a motion for sanctions or provide any categorical exclusions distinguishing between "substantive" and "non-substantive" pleadings or causes of action. *See* Tex. Civ. Prac. & Rem. Code § 27.001(6). We are required to "presume that the Legislature chooses a statute's language with care, including each word chosen for a purpose, while purposefully omitting words not chosen." *See TGS-NOPEC Geophysical Co. v. Combs*, 340 S.W.3d 432, 439 (Tex. 2011). Since the term "legal action" includes any court filing requesting monetary relief and does not exclude sanctions motions from the definition, categorically or otherwise, we find no support in the statute for the exclusion of a motion for sanctions from the definition of "legal action."

2.   Is the Entire Lawsuit Exempt from Application of the TCPA?

The Gordons argue they filed suit under the DTPA, and the TCPA does not apply to DTPA claims, citing Texas Civil Practice & Remedies Code § 27.010(a)(7). KB Home concedes it is not seeking dismissal of the DTPA claim or any of the Gordons' other underlying claims; it seeks dismissal only of the motion for sanctions. However, the Gordons appear to contend that, by virtue

of their filing a DTPA claim, the TCPA may not be used to dismiss any other pleading, claim, document, or filing within the lawsuit.

A nonmovant arguing a TCPA exemption applies must prove the exemption applies by a preponderance of the evidence. *Escondido Res. II, LLC v. Las Tinajas Minerals, Ltd.*, No. 04-20-00132-CV, 2020 WL 7753986, at *1 (Tex. App.—San Antonio Dec. 30, 2020, no pet. hist.) (mem. op.). The exemption the Gordons rely on states the TCPA does not apply to "a *legal action* brought under Chapter 17, Business & Commerce Code, other than an action governed by Section 17.49(a) of that chapter." § 27.010(a)(7) (emphasis added). As noted above, the definition of "legal action" is capacious, and includes a lawsuit or any filing within a lawsuit that seeks legal, declaratory, or equitable relief. *See Creative Oil & Gas, LLC v. Lona Hills Ranch, LLC*, 591 S.W.3d 127, 131 (Tex. 2019) ("A 'legal action' can consist of an entire lawsuit or a subsidiary action such as a counterclaim."). Because we must construe the TCPA liberally to effect its purpose of protecting citizens' rights to petition, we read exemptions to the TCPA narrowly. *See* TEX. CIV. PRAC. & REM. CODE § 27.011(b); *Harper*, 562 S.W.3d at 12.

Here, the Gordons have identified nothing to support their contention that the presence of a DTPA legal action in a lawsuit bars an otherwise meritorious TCPA motion to dismiss a separate legal action in that lawsuit. We are unaware of any supporting authority and therefore hold section 27.010(a)(7) exempts all claims under Chapter 17, Business & Commerce Code, other than an action governed by Section 17.49(a) of that chapter, but does not exempt any other claim, document, or filing requesting legal, declaratory, or equitable relief that might otherwise be subject to the TCPA. *See* TEX. CIV. PRAC. & REM. CODE § 27.011(a) (TCPA "does not abrogate or lessen any other defense, remedy, immunity, or privilege available under other constitutional, statutory, case, or common law or rule provisions").

**B. Clear and Specific Evidence of a Prima Facie Case for Sanctions**

The Gordons are required to establish by clear and specific evidence a prima facie case of each essential element of their motion for sanctions. *See* TEX. CIV. PRAC. & REM. CODE § 27.005(c). "Neither the TCPA nor common law define 'clear and specific evidence.'" *Straehla v. AL Glob. Servs., LLC*, No. 04-19-00812-CV, 2020 WL 7364661, at *4 (Tex. App.—San Antonio Dec. 16, 2020, no pet. hist.) (mem. op.). "Clear" and "specific" "mean, for the former, 'unambiguous,' 'sure,' or 'free from doubt' and, for the latter, 'explicit' or 'relating to a particular named thing.'" *In re Lipsky*, 460 S.W.3d 579, 590 (Tex. 2015) (orig. proceeding). Clear and specific evidence requires "enough detail to show the factual basis" of the claim, but it does not: (1) "impose an elevated evidentiary standard," (2) "categorically reject circumstantial evidence," or (3) "impose a higher burden of proof than that required of the plaintiff at trial." *Id.* at 591.

A prima facie case "'refers to evidence sufficient as a matter of law to establish a given fact if it is not rebutted or contradicted.'" *Straehla*, 2020 WL 7364661, at *4 (quoting *In re Lipsky*, 460 S.W.3d at 590). "It is the minimum quantum of evidence necessary to support a rational inference that the allegation of fact is true." *Id.* (quoting *In re Lipsky*, 460 S.W.3d at 590).

1. Chapter 10 and Rule 13 Sanctions

In the trial court, the Gordons asserted sanctions were warranted against KB Home because the motion to compel arbitration was groundless and filed in bad faith, it had no basis in law, and was filed for an improper purpose. Chapter 10 of the Civil Practice and Remedies Code precludes a signatory from signing any motion made for "any improper purpose," including to harass, to cause unnecessary delay, or to cause a "needless increase in the cost of litigation." TEX. CIV. PRAC. & REM. CODE § 10.001(1). Chapter 10 further requires the signer to certify that each defense, argument, or factual contention be "warranted by existing law" or by a nonfrivolous argument for changing the law, and supported by evidence. *Id*. § 10.001(2)-(3). The phrase "improper purpose"

is the equivalent of "bad faith" which "'is the conscious doing of a wrong for dishonest, discriminatory, or malicious purposes.'" *Lodhi v. Haque*, No. 04-18-00917-CV, 2019 WL 5765787, at *9 (Tex. App.—San Antonio Nov. 6, 2019, pet. denied) (mem. op.) (quoting *Estate of Aguilar*, 492 S.W.3d 807, 814 (Tex. App.—San Antonio 2016, pet. denied)). Rule 13 precludes a signatory from signing any motion that is (1) groundless and (2) brought in bad faith or for the purpose of harassment. TEX. R. CIV. P. 13. "'Groundless' for purposes of this rule means no basis in law or fact." *Id.* "In deciding whether a pleading was filed in bad faith or for the purpose of harassment, the trial court must measure a litigant's conduct at the time the relevant pleading was signed." *In re M.A.G.*, No. 04-18-00833-CV, 2020 WL 7633920, at *12 (Tex. App.—San Antonio Dec. 23, 2020, no pet. hist.) (mem. op.) (quoting *Gas, Inc. v. Mecom*, 28 S.W.3d 129, 139 (Tex. App.—Texarkana 2000, no pet.)); *see Lodhi*, 2019 WL 5765787, at *9. Courts must presume motions are filed in good faith, and the party moving for sanctions bears the burden of overcoming the presumption. *M.A.G.*, 2020 WL 7633920, at *12; *Lodhi*, 2019 WL 5765787, at *9.

The Gordons' brief states KB Home's motion to compel arbitration was sanctionable because KB Home had agreed not to include binding arbitration provisions in its contracts. However, they do not provide any argument in their brief as to how each element of their motion for sanctions was supported by clear and specific evidence. *See* TEX. R. APP. P. 38.1(i) (providing brief must contain clear and concise argument for contentions made, with appropriate citations to authorities and to record); 38.2(a)(1) (requiring appellee comply with 38.1); *Hawxhurst v. Austin's Boat Tours*, 550 S.W.3d at 220, 230 (Tex. App.—Austin 2018, no pet.).

In the trial court, the Gordons contended they were entitled to sanctions because KB Home is barred by the Federal Trade Commission (FTC) from enforcing binding arbitration provisions against home purchasers in their agreements and from requiring purchasers to pay any part of the cost of arbitration. To support their argument, the Gordons referred to an FTC order and to several

consent decrees. The order and decrees all relate to KB Home's obligation to provide a home warranty to purchasers and to procedures KB Home must make available to resolve disputes relating to the warranty and home defects.

The Gordons' dispute with KB Home in this case concerns the failure to return earnest money and is not related to any alleged defect or warranty. Further, the arbitration clause in the parties' contract expressly provided that it did not apply to "a dispute relating to any warranty, construction defect, or repair claims arising after the construction." The Gordons have not pointed to any provision in the FTC order or the consent decrees that prohibits enforcement of the arbitration clause in the contract in this case. The Gordons therefore failed to present clear and specific evidence that the motion to compel arbitration was groundless or filed in bad faith or for an improper purpose. *See* TEX. CIV. PRAC. & REM. CODE §§ 10.001, 27.005(c); TEX. R. CIV. P. 13; *In re Lipsky*, 460 S.W.3d at 590.[7]

For the foregoing reasons, we conclude the trial court erred in denying KB Home's TCPA motion to dismiss the Gordons' motion for sanctions.

### APPELLATE SANCTIONS

The Gordons additionally move for $5,000 in damages before this court pursuant to Rule 45 of the Texas Rules of Appellate Procedure, arguing KB Home's appeal is frivolous. Rule 45 provides "[i]f the court of appeals determines that an appeal is frivolous, it may . . . award each prevailing party just damages." TEX. R. APP. P. 45. "To determine whether an appeal is objectively frivolous, we review the record from the standpoint of the advocate and decide whether the advocate had reasonable grounds to believe the case could be reversed." *Brown v. City of Ingram*,

---

[7] Our review is limited to whether the TCPA motion to dismiss the motion for sanctions was properly denied. We therefore express no opinion with respect to KB Home's underlying motion to compel arbitration or the Gordons' response to the motion to compel arbitration.

No. 04-19-00508-CV, 2019 WL 6138231, at \*3 (Tex. App. Nov. 20, 2019, no. pet.) (mem. op.) (quoting *Glassman v. Goodfriend*, 347 S.W.3d 772, 782 (Tex. App.—Houston [14th Dist.] 2011, pet. denied)). Because we agree with KB Home that the court erred in denying the TCPA motion to dismiss, sanctions are not appropriate, and the Gordons' motion is denied.

## CONCLUSION

We reverse the trial court's denial of KB Home's TCPA motion to dismiss the motion for sanctions. On remand, the trial court is instructed to render an order granting the TCPA motion to dismiss and awarding KB Home the court costs and reasonable attorney's fees it incurred in defending against the motion for sanctions. *See* TEX. CIV. PRAC. & REM. CODE § 27.009(a)(1). We deny the Gordons' motion for Rule 45 sanctions.

Luz Elena D. Chapa, Justice